**FILED**

**07 C 7022**

**DECEMBER 13, 2007**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**JUDGE SHADUR
MAGISTRATE JUDGE COLE**

| | | |
|---|---|---|
| KAREN BROWN, | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | |
| COOK COUNTY, Illinois, and | ) | COMPLAINT FOR VIOLATION |
| SYLVIA EDWARDS, Acting Chief | ) | OF CIVIL RIGHTS |
| Operating Officer of Oak Forest Hospital | ) | |
| of Cook County, Individually, | ) | **J. N.** |
| Defendant. | ) | **JURY DEMANDED** |

**JURISDICTION AND VENUE**

1.      This action arises under the United States Constitution, and the Americans with
Disabilities Act ("ADA") of 1990.  This court has jurisdiction under and by virtue of 28 U.S.C
§§ 1343 and 1331.

2.      Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts
complained of arose in this district.

**PARTIES**

3.      At all times herein mentioned, Plaintiff Karen Brown has been employed by
Defendants at Oak Forest Hospital of Cook County, and resides in Cook County, Illinois.

4.      At all times herein mentioned, Defendant Sylvia Edwards was acting as Chief
Operating Officer for Oak Forest Hospital of Cook County, employed as such by Cook County,
and was at all material times acting under color of state law and as the employee, agent, and
representative of every other Defendant.  This Defendant, namely Sylvia Edwards, is being sued
in her individual capacity.

1

5.      At all times herein mentioned, Defendant Cook County, is now, and was at all times herein mentioned, a political subdivision of the State of Illinois existing as such under the laws of the State of Illinois and the United States.  On information and belief, Cook County owns, manages, supervises and/or otherwise maintains Oak Forest Hospital of Cook County.

## FACTUAL ALLEGATIONS

6.      On or about March 26, 1979, Plaintiff became employed with the Defendants.

7.      Plaintiff suffers from a disability that substantially limits her in major life activities.

8.      Defendants had notice of Plaintiff's disability in or before April 2002, when Plaintiff was put on medical restrictions in the workplace.

9.      In or about September 2002, Defendants advised Plaintiff that Defendants would not accommodate Plaintiff's medical restrictions.  Consequently, Plaintiff filed an EEOC charge against Defendants.

10.      In or about November 2002, the parties executed an EEOC Settlement Agreement (attached as Exhibit A).  The agreement provided, *inter alia,* that Defendants would reinstate Plaintiff and accommodate her by assigning her to work as a Respiratory Therapist in the Ventilating Unit.  In consideration, Plaintiff agreed not to institute a lawsuit with respect to the charge arising on or about September 2002.

11.      On or about September 23, 2003, Defendants again refused to accommodate Plaintiff's medical restrictions, despite the ability to do so.

12.     On or about September 23, 2003, Defendants forced Plaintiff onto medical disability status for an indefinite period of time, due to Plaintiff's disability.  However, Plaintiff remained qualified to work at the same reasonable accommodation that she had been receiving.

13.     On or about December 2003, Plaintiff successfully brought an action, (*Brown v. Cook County and Johnny C. Brown*, Case No. 03 C 9270), against Defendants to reinstate her in a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift as was previously assigned.

14.     On November 13, 2007, Defendants informed Plaintiff that they would again no longer be following the EEOC Settlement Agreement.  In pursuit of this, Defendants have taken steps which are in violation of Plaintiff's agreement and the Defendants are in violation of the ADA.

15.     As a result of the aforesaid acts of the Defendants, Plaintiff has become mentally upset, distressed and aggravated.  Plaintiff has suffered mental anguish and suffering all to the Plaintiff's damage in a sum to be ascertained according to proof at the time of trial.

16.     The aforementioned acts of the Defendants were reckless, willful, wanton, malicious, oppressive and in callous disregard to and indifference to the Plaintiff.  Thus Plaintiff requests the assessment of punitive damages against the Defendants in a sum as determined according to law and the proof.

17.     Plaintiff has attempted to mitigate her damages.

## COUNT I

### Breach of the EEOC Settlement Agreement

18.     Plaintiff realleges and incorporates paragraphs one (1) through seventeen (17) as though fully set forth at this place.

19.     Plaintiff has performed all conditions, covenants, and promises required by her to be performed in accordance with the terms and conditions of the EEOC Settlement Agreement.

20.     By refusing to continue accommodating Plaintiff by forcing her to take steps inconsistent with her settlement agreement, Defendants breached the EEOC Settlement Agreement, and as a result, Defendant is in violation of the ADA.

## COUNT II

### ADA Violation

21.     Plaintiff realleges and incorporates paragraphs one (1) through seventeen (17) as though fully set forth at this place.

22.     Defendants' refusal to accommodate Plaintiff's disability by forcing her to work outside of the Ventilating Unit, J-12, constitutes discrimination in violation of the ADA in that the Plaintiff has a known disability, she is qualified for her position with a reasonable accommodation for her position, and there is no non-discriminatory cause to force Plaintiff to work outside of the Ventilating Unit, J-12.

23.     As a result, the Defendant is in violation of the ADA.

## COUNT III

### Declarative and Injunctive Relief

24.     Plaintiff realleges and incorporates paragraphs one (1) through twenty-three (23) as though fully set forth at this place.

25.     By reason of Defendants' actions, Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending actual damage as set forth above.

26.     Plaintiff has no adequate or speedy remedy at law for the above-mentioned conduct of Defendants, and this action is the only means available to Plaintiff to ensure Plaintiff equal treatment of employees similarly situated to Plaintiff.

27.     Further, there exists a real controversy between Plaintiff and the Defendants, and each of them, over Plaintiff's rights and Defendants' ongoing obligations under the EEOC Settlement Agreement.

28.     It is thus, necessary for this court to declare that:

(a)     Defendants have breached the EEOC Settlement Agreement of November 2002 and are in violation of the ADA;

(b)     Defendants must assign Plaintiff to a Respiratory Therapist position in the Ventilating Unit, J-12, only, working the same shift that was previously assigned.

(c)     Defendants shall not take steps, including imposing medical exams on Plaintiff, which are intended to interfere or disrupt Plaintiff's reasonable accommodation.

WHEREFORE, Plaintiff, Karen Brown, hereby requests judgment against the Defendants as follows:

1.     For this Court's order that Plaintiff be:

(a)     Assigned to a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift that was previously assigned, and that

(b)     Defendants shall not take steps, including imposing medical exams on Plaintiff, which are intended to interfere or disrupt Plaintiff's reasonable accommodation.

2.     For general damages in an amount yet to be ascertained;

3.     For special damages in an amount to be ascertained;

4.     For punitive and exemplary damages in a sum to be ascertained;

5.     For reasonable attorneys fees according to the appropriate statutory and common law in an amount to be ascertained;

6.     For costs of suit; and

7.     For such other relief as this Court deems just and proper.

Submitted by,

Dated: December 13, 2007

By: s/Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

By: s/Edward M. Fox_____
   Edward M. Fox
   ED FOX & ASSOCIATES
   Attorneys for Plaintiff
   300 W. Adams
   Suite 330
   Chicago, Illinois 60606
   (312) 345-8877

**EXHIBIT A**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-3713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

## SETTLEMENT AGREEMENT

1.  The following Agreement refers to charge number 210A300425, filed by Karen L. Brown, with the Equal Employment Opportunity Commission (EEOC).

2.  In exchange for satisfactory fulfillment by Respondent of the promises contained in paragraph (3) of this Agreement, the Charging Party agrees not to institute a lawsuit with respect to the above referenced charge.

3.  In exchange for the promises of the Charging Party contained in paragraph (2) of this Agreement, Respondent agrees:

    $6,781.14 CMG ⟨B⟩

    a.   to pay the Charging Party the amount of $6,844.32, as backpay (for seven weeks and one day), less applicable withholdings for taxes, covering the period September 26, 2002 to November 18, 2002, within ten (10) days of the date of a fully executed Agreement. Payment is to be by check sent certified mail, return receipt requested;

    b.   to reinstate Charging Party and assign Charging Party to a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift (3pm to 11pm) that was previously assigned, effective November 18, 2002;

    c.   to restore Charging Party's full seniority;

    d.   to restore all vacation leave and sick leave, Charging Party had accrued as of September 26, 2002, including the restoration of all such leaves that Charging Party would have earned from September 26, 2002 until reinstate on November 18, 2002;

    e.   to comply with all requirements of the ADA including, but not limited to the prohibition against discriminating against employees with disabilities and the requirement of providing them with reasonable accommodations.

4.  The Respondent agrees that there shall be no discrimination or retaliation of any kind against Charging Party or any person because of opposition to any practice declared unlawful under the ADA; or because of the filing of a charge; giving of testimony or assistance; or participation in any manner in any investigation, proceedings, or hearing under the ADA.

5.  Respondent agrees to reiterate to Richard Kasey, Director of Respiratory Therapy, the

Settlement Agreement
EEOC #210A300425
Page 2

6.  Respondent agrees to send Ernestine Harris a copy of the check to Charging Party, documents that reflect the date of Charging Party's reinstatement and job assignment, the date and restoration of her sick and vacation leaves, and the date and restoration of her seniority.

7.  It is understood that this Agreement does not constitute an admission by the Respondent of any violation of the law.

8.  The parties agree that this Agreement may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this Agreement.

9.  It is understood that the Charging Party has a right to consult with an attorney prior to executing this Agreement and is entitled to have **10** days to consider this Agreement.

_Nov 27, 2002_
Date

_Claudette M. Gill_
Respondent

_Dec. 7, 2002_
Date

_Karen L. Dean_
Charging Party

[This clause is deemed incorporated as part of this Agreement if and when signed by EEOC District Director.]

10.  In reliance on the promises made by the Respondent, EEOC agrees to terminate the investigation which it has begun and not to use the above referenced charge as the jurisdictional basis for a civil action. EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation including, but not limited to, a charge filed by a member of the Commission against the Respondent.

On behalf of the Commission:

_12/18/02_
Date

_John P. Rowe_
John P. Rowe
District Director