Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7022 | **DATE** | 12/17/2007 |
| **CASE TITLE** | Karen Brown vs. Cook County, et al | | |

**DOCKET ENTRY TEXT**

A status hearing is set for January 31, 2008 at 9:00 a.m.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

  This order is being entered shortly after the filing of the Complaint. Counsel for plaintiff(s) are ordered to cause a copy of this order to be delivered forthwith to each defendant in the same manner that process has been or is being served on such defendant.

  There will be a status hearing--a "scheduling conference", as that term is used in attached Fed. R. Civ. P. ("Rule") 16(b), at 9:00 a.m. on January 31, 2008 (the "Status Hearing Date"). Counsel for plaintiff(s) and for each defendant that has been served with process or has appeared at least 28 days before that Status Hearing Date are ordered to meet not later than 14 days before the Status Hearing Date to comply with the provisions of attached Rules 26(f) and 26(a)© and this District Court's LR 26.1 (also attached). Counsel for the parties are urged to undertake serious settlement efforts before the scheduled Status Hearing when no major investment in counsel's time (and clients' money) has yet taken place. If such efforts are unsuccessful, counsel should be prepared to attend the scheduled Status Hearing prepared to discuss briefly their proposed discovery plan and other subjects appropriate for inclusion in the scheduling order as referred to in Rule 16(b).

  Although this Court will not set a close-of-discovery scheduling order until both sides have a good sense of the time needed for that purpose, the parties are urged to join in setting their own target dates in that respect at their initial Rule 26(f) conference and to review those target dates regularly during the discovery process. Special attention must be given to the December 1, 2006 amendments to Rules 26(f), 26(a)(1), 34 and 45 that deal with electronically stored information (ESI) and that establish obligations for both lawyers and clients, and to the impact of the Rule 26 amendments on the scope of discovery under other provisions of Rule 26 (see Rules 26(a)(1), (b)(2) and (b)(5)). Counsel should also become familiar with the helpful Committee Notes dealing with the 2006 amendments.

  If any party is unrepresented by counsel, that party must comply with this order personally.