IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 07 C 7022 |
| ) | |
| COOK COUNTY, Illinois, and ) | |
| and SYLVIA EDWARDS, Acting Chief ) | Judge Shadur |
| Operating Officer of Oak Forest Hospital ) | |
| Of Cook County, Individually, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Cook County, and Sylvia Edwards, Individually, by and through their attorney, Richard A. Devine, State's Attorney of Cook County, and his Assistant State's Attorney, Lisa M. Meador, and pursuant to Fed. R. Civ. P. 12(b)(6) move to dismiss Plaintiff's Complaint. In support thereof, Defendants state as follows:

**Introduction**

Plaintiff, Karen Brown, brings this three count complaint regarding her employment with Cook County, specifically at Oak Forest Hospital. Count I claims a cause of action for breach of an Equal Employment Opportunity Commission Settlement Agreement ("EEOC Settlment Agreement"). Count II claims violation of the Americans With Disabilities Act ("ADA"). Count III of Plaintiff's Complaint seeks an injunction and declaratory relief against Cook County for violation of the EEOC Settlement Agreement.

Defendants seeks dismissal of Plaintiff's Complaint because Plaintiff has failed to state a viable federal claim upon which relief can be granted by this Court. Plaintiff has failed to exhaust her administrative remedies for a breach of EEOC Settlement Agreement claim, a claim

under the ADA, or for declaratory relief under the ADA. Further, there is no individual liability available under the ADA in this matter.

## Standard of Review

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (*quoting* Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. Gomez v. Illinois State Bd. of Ed., 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, a district court should not strain to find inferences not plainly apparent from the face of the complaint. Hishon, 467 U.S. at 73. Furthermore, it should be noted that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998).

## Arguments

**I.  Plaintiff's Breach Of EEOC Settlement Agreement Claim Is Barred**

In Count I of Plaintiff's Complaint, she alleges that Defendants breached an EEOC Settlement Agreement. Plaintiff's claim is barred for failure to exhaust her administrative remedies.

Where a plaintiff claims breach of an EEOC settlement agreement, she must first exhaust her administrative remedies before filing suit in federal court. Abner v. Law Offices of DeClues and Burkett, et al., 156 Fed. Appx. 997; 2005 U.S. App. LEXIS 27894; Blank v. Donovan, 780

2

F.2d 808, 809 (9th Cir. 1986).  A claim for breach of an EEOC settlement agreement requires that the plaintiff fulfill certain administrative prerequisites prior to filing suit.  <u>Owens v. West, et al.</u>, 182 F.Supp. 2d 180, 190 (Mass. Supp. 2001.)  Specifically, 29 C.F.R. §1614.504(a) requires as follows:

> Any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties… If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEOC Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance.  The complainant may request that the terms of the settlement agreement be specifically implemented or alternatively, that the complaint be reinstated for further processing from the point processing ceased.

<u>Id</u>. <u>citing</u> 29 C.F.R. § 1614.504(a).

In the case at bar, Plaintiff did not timely notify the EEOC of any claim of failure by Defendants to comply with the EEOC Settlement Agreement.  To the extent that Plaintiff seeks to enforce the EEOC Settlement Agreement or claims breach of the EEOC Settlement Agreement, she should have filed a claim with the EEOC.  While untimely exhaustion of administrative remedies is an affirmative defense, it is within the court's discretion to dismiss a plaintiff's unexhausted discrimination claims where amendment would be futile.  <u>Abner</u>, 156 Fed. Appx. at 997.

Therefore, Plaintiff's breach of EEOC Settlement Agreement claim must be dismissed for failure to exhaust her administrative remedies.  Further, any request for injunctive or declaratory relief predicated upon this breach of EEOC Settlement Agreement claim must be dismissed for the same reasons.  Plaintiff's remedies are readily and adequately available through the appropriate avenues established by law.

## II.     This Court Lacks Jurisdiction To Adjudicate Plaintiff's ADA Claim

Count II of Plaintiff's Complaint alleges violation of the Americans With Disabilities Act ("ADA") of 1990. 42 U.S.C.S. §12101, et seq. This Court lacks jurisdiction to adjudicate Plaintiff's ADA claim for failure to exhaust her administrative remedies.

A plaintiff "who brings an employment discrimination claim under Title I of the Americans with Disabilities Act of 1990… must follow the administrative procedures set for the in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq." Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999.) A plaintiff must exhaust her claims with the EEOC as a prerequisite to filing her action in federal court. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122, 122 S.Ct. 2061 (2002). A "plaintiff's failure to exhaust her administrative remedies as to an ADA claim renders the district court without jurisdiction over such claims in a civil action in federal court." Polera v. Board of Education of Newburgh Enlarged City School Dist., 228 F.3d 478, 480 (2d Cir. 2002).

In the case at bar, Plaintiff has failed to file the prerequisite claim for violation of the ADA with the EEOC. This Court lacks jurisdiction over any such claim and it must be dismissed.

## III.    Plaintiff Fails To State A Claim Against Sylvia Edwards, Individually

Plaintiff has named Sylvia Edwards, individually, as Defendant. However, "individuals who do not independently meet the ADA's definition of "employer" cannot be held liable under the ADA." U.S. Equal Employment Opportunity Commission and Wessel v. AIC Security Investigations, Ltd., et al., 55 F.3d 1276, 1279  1995 U.S. App. LEXIS 12139 (7TH Cir. 1995). As Sylvia Edwards is simply an agent of the employer, Cook County, she does not fall within the

4

definitions of "employer" for purposes of employer personal liability under the ADA.  See, Id. at 1279-1282.  Accordingly, Sylvia Edwards, individually, should be dismissed.

## Conclusion

WHEREFORE, for all of the forgoing reasons, Defendants, Cook County, and Sylvia Edwards, individually, respectfully seek dismissal from this litigation, with prejudice, as outlined above.

Respectfully submitted,

Richard A. Devine
State's Attorney of Cook County


By:    /s/Lisa M. Meador
       Lisa M. Meador
       Assistant State's Attorney
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       (312) 603-4186
       ARDC No. 6270259