**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN BROWN | ) | |
| | ) | Case No. 07 C 7022 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| COOK COUNTY, Illinois and SYLVIA EDWARDS, Acting Chief Operating Officer of Oak Forest Hospital Of Cook County, Individually, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | Jury Demand |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

**PLAINTIFF'S COMPLAINT**

Plaintiff, KAREN BROWN, by and through her attorneys, Ed Fox & Associates, and pursuant to the Federal Rules of Civil Procedure, moves this Court to deny Defendants' Motion to Dismiss Plaintiff's Complaint. In support thereof, Plaintiff states as follows:

## I. Introduction

In November 2002, the parties entered into a settlement agreement with the assistance of the EEOC. (Exhibit A). In December 2003, Plaintiff successfully brought suit against Defendant for breach of the settlement agreement. That settlement agreement, entered into on August 9, 2004, is attached as Exhibit B.

On December 13, 2007, Plaintiff filed the above-captioned case against Defendant for breach of the settlement agreement. The defendants have again refused to permit Plaintiff to work her job despite her ability to do so with a reasonable accommodation. Defendants have moved to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. However, as Plaintiff will show, it was proper for Plaintiff to bring suit in federal court for breach of the

settlement agreement and Plaintiff is not required to exhaust administrative remedies before filing suit. Because Plaintiff's breach of settlement agreement claim is proper, Plaintiff's request for injunctive relief under that claim should also not be dismissed, as it requests, in effect, specific performance of the settlement agreement.

Furthermore, with leave of the Court, Plaintiff intends to amend Plaintiff's complaint to remove "Count II ADA Violation" and remove Sylvia Edwards as a defendant.[1] These amendments will have no impact on Plaintiff's claim for breach of settlement agreement. Plaintiff's complaint sufficiently alleged breach of the settlement agreement between the parties and was properly filed in federal court. Therefore, Plaintiff has stated a claim upon which relief can be granted and Defendants' motion to dismiss this claim should be denied.

## II. Standard of Review

In order to survive a motion to dismiss, a Plaintiff must only show that she stated claims upon which relief can be granted. The Court of Appeals, Seventh Circuit explained the standard for notice pleadings, "[r]ule 8(a) of the *Federal Rules of Civil Procedure* requires that a complaint contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' This 'short and plain statement' must be enough 'to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* ---U.S.---, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court of Appeals went on to explain that complaints do not require, " 'heightened fact pleading of specifics,' " but that the complaint must contain "enough facts to

---

1 In December 2007, Plaintiff filed a charge with the EEOC for violation of the ADA. Plaintiff has requested a "right to sue" letter and expects to receive this letter shortly.

state a claim to relief that is plausible on its face." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir.2007) (quoting *Bell Atlantic,* 127 S.Ct. 1955 at 1974).

In ruling on a motion to dismiss, "a court must construe all well-pleaded allegations of the complaint as true, and draw all inferences in favor of the plaintiff." *Moreno v. Town of Cicero*, 2000 WL 528475 (N.D.Ill.) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)). The issue in reviewing the sufficiency of the complaint is "whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits." *Moreno v. Town of Cicero*, 2000 WL 528475 (N.D.Ill.) (citing *Scheuer v. Rhodes*, 416 U.S. 232 at 236).

Plaintiff's complaint properly states a claim of breach of EEOC Settlement Agreement upon which relief can be granted. The complaint alleges "[i]n or about November 2002, the parties executed an EEOC Settlement Agreement (attached as Exhibit A)." (Exhibit C, ¶ 10). Plaintiff's complaint goes on to allege that Defendants have violated the EEOC Settlement Agreement. (Exhibit C, ¶ 14). "Plaintiff has performed all conditions, covenants, and promises required by her to be performed in accordance with the terms and conditions of the EEOC Settlement Agreement." (Exhibit C, ¶ 19). "By refusing to continue accommodating Plaintiff by forcing her to take steps inconsistent with her settlement agreement, Defendants breached the EEOC Settlement agreement..." (Exhibit C, ¶ 20). These allegations are sufficient to put defendants on notice of the claim against them and is a claim upon which relief may be granted.

## III. Defendants' motion to dismiss should be denied.

Defendants cite to an inapplicable Code of Federal Regulations (C.F.R.) in support of their claim that Plaintiff must exhaust her administrative remedies before filing suit in federal

court. Defendant's motion cites 29 C.F.R. § 1614.504(a). (Exhibit D, Pg. 3). C.F.R. Part 1614 "Federal Sector Equal Employment Opportunity" applies only to federal sector employees. 29 C.F.R. § 1614.103. [2] Plaintiff is an employee of a Cook County hospital and is therefore not a federal sector employee and her claims of discrimination are not governed by the C.F.R. cited in Defendants' motion.

Defendants' motion to dismiss also argues, "[p]laintiff's claim is barred for failure to exhaust her administrative remedies." (Exhibit D, Pg. 2). The case Defendants cite in support of this argument is the Ninth Circuit Court of Appeals case of *Abner v. Law Offices of DeClues and Burkett, et al.,* 156 Fed.Appx. 997; 2005 U.S. App. LEXIS 27894. The Ninth Circuit stated at the beginning of the memorandum in FN** that, "[t]his disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3." Furthermore, in making the conclusion that plaintiffs must exhaust administrative remedies before bringing suit in federal court, the *Abner* court relies on *Blank v. Donovan*, 780 F.2d 808, 809 (9th Cir. 1986), that states that EEOC administrative procedures are jurisdictional. "These procedures act as jurisdictional prerequisites to further the goal of voluntary settlement." However, as Plaintiff will show, the Seventh Circuit has decided that EEOC administrative procedures are not jurisdictional and Plaintiff is not required to exhaust her administrative remedies before filing suit in federal court.

---

2 In fact, according to §1614.103 this part applies only to the following federal sector employees: (1) Military departments as defined in 5 U.S.C. 102; (2) Executive agencies as defined in 5 U.S.C. 105; (3) The United States Postal Service, Postal Rate Commission and Tennessee Valley Authority; (4) All units of the judicial branch of the Federal government having positions in the competitive service, except for complaints under the Rehabilitation Act; (5) The National Oceanic and Atmospheric Administration Commissioned Corps; (6) The Government Printing Office; and (7) The Smithsonian Institution.

## IV. Plaintiff is NOT required to exhaust administrative remedies before filing suit in federal court for breach of EEOC Settlement Agreement.

In *E.E.O.C. v. Liberty Trucking Co.*, 695 F.2d 1038, 1040 (7th Cir. 1982), the Seventh Circuit held that "Congress intended to provide the EEOC with a federal forum to enforce conciliation agreements." In *Liberty Trucking*, the Seventh Circuit reversed the district court's decision that it lacked subject matter jurisdiction over the EEOC's attempt to enforce a conciliation agreement. *Id.* at 1039. In reversing, the Seventh Circuit emphasized the importance of the fact that conciliation agreements are voluntary.

> But the district court, we believe, failed to recognize the implication of the fact that conciliation agreements are entirely voluntary. It is precisely this voluntary character of conciliation agreements which prevents EEOC from attaining the adjudicative power which Congress rejected with the 1972 amendments.

*Id.* at 1044.

In the present case, the parties entered into a predetermination settlement agreement and not a conciliation agreement. The *Liberty Trucking* court went on to include an important footnote on the two types of agreements, noting again the importance that these agreements are voluntary:

> We do not reach the question whether a distinction should be made between conciliation agreements, which are statutory creatures and which follow an EEOC investigation and determination of reasonable cause, and settlement agreements which are a device created by the EEOC to resolve complaints prior to investigation. *See, EEOC v. Pierce Packing Co.,* 669 F.2d 605 (9th Cir. 1982). We note, however, that our decision here turns on the voluntary nature of conciliation agreements and not upon an administrative finding of reasonable cause. Jurisdiction predicated upon the administrative finding of reasonable cause would, it appears, tend to convert the EEOC into an adjudicative administrative agency.

*Id.* at 1044 n. 7.

Other circuits have since concluded that predetermination agreements (which includes Plaintiff's Settlement Agreement) should not be treated differently than conciliation agreements.

The Fourth Circuit discussed the importance of allowing suits for breach of predetermination agreements to be brought in federal court.

> Pre-determination settlement (PDS) agreements are no less effective in facilitating the Commission's essential role as a mediator than conciliation agreements. By allowing more frequent settlements, the PDS saves resources that might otherwise be consumed in litigation and furthers the statutory goal of voluntary compliance. In addition, it enhances the aim of rapidly resolving disputes by encouraging early resolution before the Commission is required to expend time in investigations and reasonable cause determinations... To prohibit the EEOC from summarily enforcing pre-determination settlements would allow an employer to engage in dilatory tactics which would frustrate the congressional intent of rapid resolution of disputes. If the EEOC had to pursue the usual process [of investigation and reasonable cause determination] before enforcing a pre-determination settlement, such agreements would be meaningless.
>
> *EEOC v. Henry Beck Co.*, 729 F.2d 301, 305-306 (4th Cir.1984).

The Eleventh Circuit also came to the conclusion that predetermination and conciliation agreements should be treated alike, finding the Seventh Circuit *Liberty Trucking* court persuasive.

> In any event, we do not find any relevant distinction between pre-determination agreements and conciliation agreements for purposes of Title VII jurisdiction, given the congressional emphasis on voluntary compliance and conciliation...We also note that the Seventh Circuit suggested in *Liberty Trucking,* 695 F.2d at 1044 n. 7, that it too would see no relevant difference for jurisdictional purposes...
>
> *Eatmon v. Bristol Steel & Ironworks, Inc.*, 769 F.2d 1503, 1511 n. 9 (11th Cir.1985)

The Eleventh Circuit also concluded that private employees, not just the EEOC, can file suit in federal court for breach of predetermination settlement agreements.

> A predetermination settlement agreement is a contract between a complaining employee and the allegedly discriminatory employer that is reached with the aid of the EEOC prior to an EEOC determination of the merits of the complaining employee's charge of discrimination. *See Eatmon v. Bristol Steel & Ironworks, Inc.*, 769 F.2d 1503, 1511 (11th Cir.1985) (discussion of role of predetermination settlement agreements in Title VII scheme). Construction of such an agreement is governed by the principles of federal common law. *Id.* at 1516-1517. An employee need not file an EEOC charge alleging breach of the agreement to invoke the jurisdiction of a federal court or over an action arising from breach of a settlement agreement. *Id.* At 1510.

*Brewer v. Muscle Shoals Bd. Of Educ.*, 790 F.2d 1515, 1519 (11th Cir.1986).

Based upon the forgoing, in *Sherman v. Standard Rate Data Service, Inc.*, 709 F.Supp. 1433, 1441 (N.D. Ill.1989), the court disagreed with the defendant's assertion that private plaintiffs should not be permitted to file suit in federal court for breach of a settlement agreement.

> Although the Court has not found any Seventh Circuit authority on point, the Court agrees with the Eleventh Circuit's holding in *Eatmon* that '[a]ll of the reasons to support Title VII jurisdiction over such actions when brought by the EEOC apply with equal force to actions brought by the aggrieved employees to enforce conciliation agreements entered into by the EEOC, their employees, and themselves.' 769 F.2d at 1510. *See also Brito v. Zia Co.*, 478 F.2d 1200 (10th Cir.1973) (cited with approval in *Liberty Trucking*, 695 F.2d at 1044 n. 5); *Kiper v. La. St. Bd. Of Elem. Educ.,* 592 F.Supp. 1343, 1359 (M.D.La.1984), aff'd, 778 F.2d 789 (5th Cir. 1985); *Byrd v. Long Island Lighting Co.*, 565 F.Supp. 1455, 1461 (E.D.N.Y.1983).
>
> *Sherman,* 709 F.Supp. at 1440-1441.

The *Sherman* court relied on the Seventh Circuit in *Liberty Trucking* and the Eleventh Circuit in *Eatmon* and *Brewer* to conclude that a plaintiff is not required to file her breach of predetermination settlement agreement claims with the EEOC before bringing suit in federal court.

> Moreover, the Court holds that [plaintiff] Sherman is not required to exhaust her administrative remedies in order to bring suit for the breach of the Settlement in federal court. The fact that 'no charges were ever filed with the EEOC and there was no EEOC investigation or determination of reasonable cause do not prevent this from being an action 'brought under' Title VII." *Eatmon*, 769 F.2d at 1510-11. *See also, Brewer v. Muscle Shoals Bd. Of Educ.*, 790 F.2d 1515, 1519 (11th Cir.1986) ('[a]n employee need not file an EEOC charge alleging breach of the agreement to invoke the jurisdiction of a federal court over an action arising from the breach of a settlement agreement'). Such actions are brought directly under Title VII over which federal courts have subject matter jurisdiction, *see Liberty Trucking,* 695 F.2d at 1044, and plaintiffs need not exhaust administrative remedies as a prerequisite to filing such actions. *Eatmon,* 769 F.2d at 1508, 1512 (goal of voluntary compliance and conciliation overrides requirement of EEOC participation).

*Id.* at 1441.[3]

Other district courts have also found this reasoning persuasive. E.g., *Francisco v. Prinicpi*, 2001 WL 563793 (N.D.Ill.) (finding that the court had jurisdiction over Plaintiff's breach of predetermination settlement agreement claim). "The Court finds *Liberty Trucking* instructive and *Eatmon*, *Beck*, and *Sherman* persuasive. Because the Court sees no reason to differentiate between conciliation and settlement agreements as they relate to jurisdiction, the Court holds that it has jurisdiction over [plaintiff] Fransisco's claim that the DVA breached the pre-determination settlement agreement." *See also, Kraft v. Johanns*, 2007 WL 2212890 (D.N.D.) (quoting *Francisco* 2001 WL 563793 (N.D.Ill.) and holding the court had authority to hear a breach of settlement agreement claim); *Gross v. Town of Cicero*, 2004 WL 2397285 (N.D.Ill.) (denying defendants' motion to dismiss Plaintiff's claim in part because breach of an EEOC agreement may be brought in federal court).

Given that the great weight of authority states that Plaintiff's claim of breach of settlement agreement was properly brought before the Court, the Court may grant relief for the claim. Because Plaintiff's breach of settlement agreement claim is proper, her request for declaratory and injunctive relief under that claim is also proper. (Exhibit C, Count III, ¶ 24 – 28).

---

3 Plaintiff's breach of EEOC Settlement Agreement arises under the ADA and not Title VII of the Civil Rights Act. This makes no difference to whether Plaintiff may bring her breach of settlement claim to federal court because courts have held that the legislative history of the ADA intended that such claims should be treated the same as Title VII claims.

> The Committee intends that the powers, remedies and procedures available to persons discriminated against based on disability shall be the same as, and parallel to, the powers, remedies and procedures available to persons discriminated against based on race, color, religion, sex or national origin. Thus, if the powers, remedies and procedures change in Title VII of the 1964 Act, they will change identically under the ADA for persons with disabilities.

*Baumgardner v. County of Cook*, 108 F.Supp.2d 1041, 1044-1045 (N.D.Ill.2000) (citing H.R.REP. NO. 101-485 pt. 3 at 48, (1990) *reprinted in* LEGISLATIVE HISTORY OF PUBLIC LAW 101-336 THE AMERICANS WITH DISABILITIES ACT at 488 (Comm.Print.1991)).

## V. Conclusion

WHEREFORE, for all of the forgoing reasons, Plaintiff, Karen Brown, respectfully request that Defendants' Motion to Dismiss be denied.

Respectfully Submitted,

February 29, 2008

/s/ Leslie C. McCoy
Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street
Suite 330
Chicago, IL 60606
(312) 345-8877

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN BROWN | ) | |
| | ) | Case No. 07 C 7022 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| COOK COUNTY, Illinois and SYLVIA EDWARDS, Acting Chief Operating Officer of Oak Forest Hospital Of Cook County, Individually, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | Jury Demand |

**NOTICE OF FILING**

To: Lisa Marie Meador
Cook County State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602

**PLEASE TAKE NOTICE** that on February 29, 2008, the undersigned filed with the Clerk of this Court, **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**, service of which is being made upon you.

s/Leslie C. McCoy
Leslie C. McCoy
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877

**PROOF OF SERVICE**

I, Leslie C. McCoy, an attorney, under penalty of perjury, and state that on February 29, 2008, service is being made in accordance with the General Order on Electronic Case Filing section XI.

s/Leslie C. McCoy
Leslie C. McCoy
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877