# EXHIBIT A

12/02/2002 11:43 FAX 312 603 3404    COOK COUNTY HUMAN RES    @002
Case 1:07-cv-07022    Document 12-2    Filed 02/29/2008    Page 2 of 24
Case 1:07-cv-07022    Document 1    Filed 12/13/2007    Page 9 of 10



### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
#### Chicago District Office

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

## SETTLEMENT AGREEMENT

1.     The following Agreement refers to charge number 210A300425, filed by Karen L. Brown, with the Equal Employment Opportunity Commission (EEOC).

2.     In exchange for satisfactory fulfillment by Respondent of the promises contained in paragraph (3) of this Agreement, the Charging Party agrees not to institute a lawsuit with respect to the above referenced charge.

3.     In exchange for the promises of the Charging Party contained in paragraph (2) of this Agreement, Respondent agrees:

*$6,781.14 CRG LB*

a.     to pay the Charging Party the amount of ~~$6,844.32~~, as backpay (for seven weeks and one day), less applicable withholdings for taxes, covering the period September 26, 2002 to November 18, 2002, within ten (10) days of the date of a fully executed Agreement. Payment is to be by check sent certified mail, return receipt requested;

b.     to reinstate Charging Party and assign Charging Party to a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift (3pm to 11pm) that was previously assigned, effective November 18, 2002;

c.     to restore Charging Party's full seniority;

d.     to restore all vacation leave and sick leave, Charging Party had accrued as of September 26, 2002, including the restoration of all such leaves that Charging Party would have earned from September 26, 2002 until reinstated on November 18, 2002;

e.     to comply with all requirements of the ADA including, but not limited to the prohibition against discriminating against employees with disabilities and the requirement of providing them with reasonable accommodations.

4.     The Respondent agrees that there shall be no discrimination or retaliation of any kind against Charging Party or any person because of opposition to any practice declared unlawful under the ADA; or because of the filing of a charge; giving of testimony or assistance; or participation in any manner in any investigation, proceedings, or hearing under the ADA.

5.     Respondent agrees to reiterate to Richard Kasey, Director of Respiratory Therapy, the

Settlement Agreement
EEOC #210A300425
Page 2

6.  Respondent agrees to send Ernestine Harris a copy of the check to Charging Party, documents that reflect the date of Charging Party's reinstatement and job assignment, the date and restoration of her sick and vacation leaves, and the date and restoration of her seniority.

7.  It is understood that this Agreement does not constitute an admission by the Respondent of any violation of the law.

8.  The parties agree that this Agreement may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this Agreement.

9.  It is understood that the Charging Party has a right to consult with an attorney prior to executing this Agreement and is entitled to have 10 days to consider this Agreement.


_Nov 27, 2002_
Date

_Claudette M. Gills_
Respondent


_Dec 7, 2002_
Date

_Karen L. Dixon_
Charging Party


[This clause is deemed incorporated as part of this Agreement if and when signed by EEOC District Director.]

10.  In reliance on the promises made by the Respondent, EEOC agrees to terminate the investigation which it has begun and not to use the above referenced charge as the jurisdictional basis for a civil action. EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation including, but not limited to, a charge filed by a member of the Commission against the Respondent.

On behalf of the Commission:


_12/18/02_
Date

_John P. Rowe_
John P. Rowe
District Director

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 9270 |
| | ) | |
| COOK COUNTY, ILLINOIS, | ) | Judge Wayne R. Anderson |
| JOHNNY C. BROWN, Chief Operating Officer | ) | Magistrate Judge Martin Ashman |
| of Oak Forest Hospital of Cook County, | ) | |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

The parties to this Settlement Agreement and Release of Claims, ("Agreement"), Karen

Brown ("Brown"), represented by her attorney, Ed Fox & Associates, and Cook County and

Johnny C. Brown ("Defendants"), represented by Richard A. Devine, the State's Attorney of

Cook County, through Maureen Feerick, Robin Mitchell, and Lisa M. Meador, Assistant State's

Attorneys, hereby agree as follows:

1.    The parties agree that this Agreement covers all charges made by Brown

concerning her claim for damages and other relief as a result of the above-captioned litigation,

styled Karen Brown v. Cook County, et al., court number 03 C 9270, pending in the United

States District Court for the Northern District of Illinois, against Cook County and Johnny C.

Brown and any named or unnamed County of Cook employee or political subdivision, and that

these charges, and all claims, actions, suits, and demands of whatever nature, arising from those

charges, are the subject matter of this Agreement. This Agreement does not supersede any other

agreement(s) resulting from litigation between the parties in existence prior to this Agreement.

Page 1 of 4

2.    Payment in the amount of Twenty Thousand Dollars and No Cents ($20,000) will be issued by Cook County to Brown through payroll for pay period ending August 11, 2004.

3.    Brown will be credited Eight (8) Sick Days and Ten (10) Vacation Days Accrual effective for pay period ending August 11, 2004.

4.    A check in the amount of Ten Thousand Dollars and No Cents ($10,000) payable to Brown, and her attorney, Ed Fox & Associates, will be issued by Cook County within sixty (60) days of the signing of this Agreement.

5.    In consideration therefore, Brown agrees to be bound by the provisions in this Agreement.

6.    Brown, on behalf of herself, her agents and her assigns, knowingly and voluntarily agrees to release and forever discharge the Cook County and Johnny C. Brown, including its political subdivisions, agents, attorneys, employees, officers, insurers, and reinsurers, assigns and successors, individual and official capacities, from all lawsuits, claims, demands, charges, damages, fees, costs, and causes of actions, known and unknown arising out of or relating to the subject matter of this Agreement, for acts that occurred up to the date of this Agreement, except for the purposes of enforcing the terms of this Agreement.

7.    The above-stated settlement is the sole consideration for this Agreement and it is expressly understood that such consideration of offered and accepted in full settlement of all alleged injuries and damages arising out of the subject matter of this Agreement, whether known or unknown and whether or not ascertainable at the time of the execution of this Agreement

8.    Cook County and Johnny C. Brown are entering into this Agreement to compromise and resolve the litigation and to avoid further litigation  Cook County and Johnny C. Brown, by entering into this Agreement, do not admit liability and, in fact expressly deny

Page 2 of 4



liability. It is further understood that the payment of the monies in paragraphs 2 and 4, and any other compromised awards stated herein are not an admission of liability on the part of Cook County and Johnny C. Brown, and that Cook County and Johnny C. Brown expressly deny any liability.

9.    In interpreting this Agreement no inference shall be drawn for or against any party because the party drafted any provision. This Agreement shall be binding upon the parties to it, and their successors and assigns. Each party acknowledges that he, she, it or they have been represented by counsel in connection with the negotiation and execution of this Agreement and has read this Agreement that incorporates the entire settlement agreement. Each party understands that it is a general release of claims and freely, knowingly, and voluntarily agrees to be bound by this Agreement. The terms of this Agreement are contractual and are not a mere recital.

10.    It is expressly understood that all of Brown's attorney's fees and any other costs arising out of or relating to the subject matter of this Agreement, whether known or unknown and whether ascertainable or not ascertainable at the time of the execution of this Agreement, are Brown's sole responsibility.

11.    The parties agree that the United States District Court for the Northern District of Illinois shall retain jurisdiction to enforce the terms of this agreement. It is further expressly understood that the breaching party will pay the costs and reasonable attorney's fees incurred by the non-breaching party for enforcement of this Agreement.

12.    The parties agree that the terms, facts and contents of this Agreement shall remain completely confidential. None of the parties or their attorneys will disclose any information concerning this Agreement to anyone, except as necessary to the United States Internal Revenue

Service, or the State of Illinois Department of Revenue, or any other governmental entity necessary to effectuate the terms and spirit of this Agreement. It is further agreed that the parties will not disclose or characterize any of the negotiations culminating in this agreement, including any offers and demands made by the parties. The parties further agree that if asked about the terms, facts, and contents of this Agreement, the parties will respond only by stating that "the matter has been amicably resolved" without any further elaboration. Neither Brown, nor her attorney, shall create or disseminate any of the terms, facts, or contents of this agreement to any non-party except as required by law. The parties agree that neither this settlement, nor any terms thereof, shall be offered or received as evidence in any court or administrative action or proceeding, as an indication of wrongdoing by the Defendants.

13.    The parties acknowledge that this document contains the entirety of their agreement and constitutes a full settlement of all claims arising out of the subject matter of this Agreement.

_____8/9/04_____          _____
Date                                              Karen Brown

Subscribed and sworn to
before me this ___9th___ day
of ___August___, 2004.

**"OFFICIAL SEAL"**
**Concheita Richardson**
Notary Public, State of Illinois
My Commission Exp. 02/23/2008

_____
Notary public

_____8-9-04_____
Date

_____
Ed Fox
Attorney for Karen Brown

_____          _____
Date                                              Maureen Feerick
                                                      Assistant State's Attorney
                                                      Attorney for Defendants

# EXHIBIT C

**FILED**

**07 C 7022**

**DECEMBER 13, 2007**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**JUDGE SHADUR**
**MAGISTRATE JUDGE COLE**

KAREN BROWN,                        )
                                    )   Case No.
    Plaintiff,             )
                                    )
v.                                  )
                                    )
COOK COUNTY, Illinois, and          )   COMPLAINT FOR VIOLATION
SYLVIA EDWARDS, Acting Chief        )   OF CIVIL RIGHTS
Operating Officer of Oak Forest Hospital )
of Cook County, Individually,       )   **J. N.**
                                    )
    Defendant.             )   **JURY DEMANDED**

## JURISDICTION AND VENUE

1.     This action arises under the United States Constitution, and the Americans with

Disabilities Act ("ADA") of 1990. This court has jurisdiction under and by virtue of 28 U.S.C

§§ 1343 and 1331.

2.     Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts

complained of arose in this district.

## PARTIES

3.     At all times herein mentioned, Plaintiff Karen Brown has been employed by

Defendants at Oak Forest Hospital of Cook County, and resides in Cook County, Illinois.

4.     At all times herein mentioned, Defendant Sylvia Edwards was acting as Chief

Operating Officer for Oak Forest Hospital of Cook County, employed as such by Cook County,

and was at all material times acting under color of state law and as the employee, agent, and

representative of every other Defendant. This Defendant, namely Sylvia Edwards, is being sued

in her individual capacity.

1

5.     At all times herein mentioned, Defendant Cook County, is now, and was at all times herein mentioned, a political subdivision of the State of Illinois existing as such under the laws of the State of Illinois and the United States. On information and belief, Cook County owns, manages, supervises and/or otherwise maintains Oak Forest Hospital of Cook County.

## FACTUAL ALLEGATIONS

6.     On or about March 26, 1979, Plaintiff became employed with the Defendants.

7.     Plaintiff suffers from a disability that substantially limits her in major life activities.

8.     Defendants had notice of Plaintiff's disability in or before April 2002, when Plaintiff was put on medical restrictions in the workplace.

9.     In or about September 2002, Defendants advised Plaintiff that Defendants would not accommodate Plaintiff's medical restrictions. Consequently, Plaintiff filed an EEOC charge against Defendants.

10.     In or about November 2002, the parties executed an EEOC Settlement Agreement (attached as Exhibit A). The agreement provided, *inter alia,* that Defendants would reinstate Plaintiff and accommodate her by assigning her to work as a Respiratory Therapist in the Ventilating Unit. In consideration, Plaintiff agreed not to institute a lawsuit with respect to the charge arising on or about September 2002.

11.     On or about September 23, 2003, Defendants again refused to accommodate Plaintiff's medical restrictions, despite the ability to do so.

2

12.    On or about September 23, 2003, Defendants forced Plaintiff onto medical disability status for an indefinite period of time, due to Plaintiff's disability. However, Plaintiff remained qualified to work at the same reasonable accommodation that she had been receiving.

13.    On or about December 2003, Plaintiff successfully brought an action, (*Brown v. Cook County and Johnny C. Brown*, Case No. 03 C 9270), against Defendants to reinstate her in a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift as was previously assigned.

14.    On November 13, 2007, Defendants informed Plaintiff that they would again no longer be following the EEOC Settlement Agreement. In pursuit of this, Defendants have taken steps which are in violation of Plaintiff's agreement and the Defendants are in violation of the ADA.

15.    As a result of the aforesaid acts of the Defendants, Plaintiff has become mentally upset, distressed and aggravated. Plaintiff has suffered mental anguish and suffering all to the Plaintiff's damage in a sum to be ascertained according to proof at the time of trial.

16.    The aforementioned acts of the Defendants were reckless, willful, wanton, malicious, oppressive and in callous disregard to and indifference to the Plaintiff. Thus Plaintiff requests the assessment of punitive damages against the Defendants in a sum as determined according to law and the proof.

17.    Plaintiff has attempted to mitigate her damages.

## COUNT I

### Breach of the EEOC Settlement Agreement

18.    Plaintiff realleges and incorporates paragraphs one (1) through seventeen (17) as though fully set forth at this place.

3

19.    Plaintiff has performed all conditions, covenants, and promises required by her to be performed in accordance with the terms and conditions of the EEOC Settlement Agreement.

20.    By refusing to continue accommodating Plaintiff by forcing her to take steps inconsistent with her settlement agreement, Defendants breached the EEOC Settlement Agreement, and as a result, Defendant is in violation of the ADA.

## COUNT II

### ADA Violation

21.    Plaintiff realleges and incorporates paragraphs one (1) through seventeen (17) as though fully set forth at this place.

22.    Defendants' refusal to accommodate Plaintiff's disability by forcing her to work outside of the Ventilating Unit, J-12, constitutes discrimination in violation of the ADA in that the Plaintiff has a known disability, she is qualified for her position with a reasonable accommodation for her position, and there is no non-discriminatory cause to force Plaintiff to work outside of the Ventilating Unit, J-12.

23.    As a result, the Defendant is in violation of the ADA.

## COUNT III

### Declarative and Injunctive Relief

24.    Plaintiff realleges and incorporates paragraphs one (1) through twenty-three (23) as though fully set forth at this place.

25.    By reason of Defendants' actions, Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending actual damage as set forth above.

4

26.     Plaintiff has no adequate or speedy remedy at law for the above-mentioned conduct of Defendants, and this action is the only means available to Plaintiff to ensure Plaintiff equal treatment of employees similarly situated to Plaintiff.

27.     Further, there exists a real controversy between Plaintiff and the Defendants, and each of them, over Plaintiff's rights and Defendants' ongoing obligations under the EEOC Settlement Agreement.

28.     It is thus, necessary for this court to declare that:

(a)     Defendants have breached the EEOC Settlement Agreement of November 2002 and are in violation of the ADA;

(b)     Defendants must assign Plaintiff to a Respiratory Therapist position in the Ventilating Unit, J-12, only, working the same shift that was previously assigned.

(c)     Defendants shall not take steps, including imposing medical exams on Plaintiff, which are intended to interfere or disrupt Plaintiff's reasonable accommodation.

WHEREFORE, Plaintiff, Karen Brown, hereby requests judgment against the Defendants as follows:

1.     For this Court's order that Plaintiff be:

(a)     Assigned to a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift that was previously assigned, and that

(b)     Defendants shall not take steps, including imposing medical exams on Plaintiff, which are intended to interfere or disrupt Plaintiff's reasonable accommodation.

2.     For general damages in an amount yet to be ascertained;

3.     For special damages in an amount to be ascertained;

5

4.   For punitive and exemplary damages in a sum to be ascertained;

5.   For reasonable attorneys fees according to the appropriate statutory and common law in an amount to be ascertained;

6.   For costs of suit; and

7.   For such other relief as this Court deems just and proper.

Submitted by,

Dated: December 13, 2007

By: s/Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

6

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

By: s/Edward M. Fox_____
      Edward M. Fox
      ED FOX & ASSOCIATES
      Attorneys for Plaintiff
      300 W. Adams
      Suite 330
      Chicago, Illinois 60606
      (312) 345-8877

# EXHIBIT A

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|   |   |   |
|---|---|---|
| KAREN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07 C 7022 |
| | ) | |
| COOK COUNTY, Illinois, and | ) | |
| and SYLVIA EDWARDS, Acting Chief | ) | Judge Shadur |
| Operating Officer of Oak Forest Hospital | ) | |
| Of Cook County, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Cook County, and Sylvia Edwards, Individually, by and through their

attorney, Richard A. Devine, State's Attorney of Cook County, and his Assistant State's

Attorney, Lisa M. Meador, and pursuant to Fed. R. Civ. P. 12(b)(6) move to dismiss Plaintiff's

Complaint.

Defendants attach their Memorandum of Law in Support of this Motion to Dismiss and

incorporate it into this motion.

Respectfully submitted,

Richard A. Devine
State's Attorney of Cook County


By:    /s/Lisa M. Meador
       Lisa M. Meador
       Assistant State's Attorney
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       (312) 603-4186
       ARDC No. 6270259

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KAREN BROWN,                                )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )        No. 07 C 7022
                                            )
COOK COUNTY, Illinois, and                  )
and SYLVIA EDWARDS, Acting Chief            )        Judge Shadur
Operating Officer of Oak Forest Hospital    )
Of Cook County, Individually,               )
                                            )
                Defendants.                 )

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

        Defendants, Cook County, and Sylvia Edwards, Individually, by and through their

attorney, Richard A. Devine, State's Attorney of Cook County, and his Assistant State's

Attorney, Lisa M. Meador, and pursuant to Fed. R. Civ. P. 12(b)(6) move to dismiss Plaintiff's

Complaint. In support thereof, Defendants state as follows:

**Introduction**

        Plaintiff, Karen Brown, brings this three count complaint regarding her employment with

Cook County, specifically at Oak Forest Hospital. Count I claims a cause of action for breach of

an Equal Employment Opportunity Commission Settlement Agreement ("EEOC Settlment

Agreement"). Count II claims violation of the Americans With Disabilities Act ("ADA").

Count III of Plaintiff's Complaint seeks an injunction and declaratory relief against Cook County

for violation of the EEOC Settlement Agreement.

        Defendants seeks dismissal of Plaintiff's Complaint because Plaintiff has failed to state a

viable federal claim upon which relief can be granted by this Court. Plaintiff has failed to

exhaust her administrative remedies for a breach of EEOC Settlement Agreement claim, a claim

under the ADA, or for declaratory relief under the ADA. Further, there is no individual liability

available under the ADA in this matter.

## Standard of Review

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations."

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spaulding, 467 U.S.

69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four

corners of the complaint. Gomez v. Illinois State Bd. of Ed., 811 F.2d 1030, 1039 (7th Cir.

1987). The court should take the well-pleaded factual allegations of the complaint and view

them, as well as reasonable inferences drawn from them, in the light most favorable to the

Plaintiff. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, a district court

should not strain to find inferences not plainly apparent from the face of the complaint. Hishon,

467 U.S. at 73. Furthermore, it should be noted that "litigants may plead themselves out of court

by alleging facts that may establish defendants' entitlement to prevail." Bennett v. Schmidt, 153

F.3d 516, 519 (7th Cir. 1998).

## Arguments

### I.    Plaintiff's Breach Of EEOC Settlement Agreement Claim Is Barred

In Count I of Plaintiff's Complaint, she alleges that Defendants breached an EEOC

Settlement Agreement. Plaintiff's claim is barred for failure to exhaust her administrative

remedies.

Where a plaintiff claims breach of an EEOC settlement agreement, she must first exhaust

her administrative remedies before filing suit in federal court. Abner v. Law Offices of DeClues

and Burkett, et al., 156 Fed. Appx. 997; 2005 U.S. App. LEXIS 27894; Blank v. Donovan, 780

2

F.2d 808, 809 (9th Cir. 1986).  A claim for breach of an EEOC settlement agreement requires that

the plaintiff fulfill certain administrative prerequisites prior to filing suit.  Owens v. West, et al.,

182 F.Supp. 2d 180, 190 (Mass. Supp. 2001.)  Specifically, 29 C.F.R. §1614.504(a) requires as

follows:

> Any settlement agreement knowingly and voluntarily agreed to by the parties,
> reached at any stage of the complaint process, shall be binding on both parties...
> If the complainant believes that the agency has failed to comply with the terms of
> a settlement agreement or decision, the complainant shall notify the EEOC
> Director, in writing, of the alleged noncompliance within 30 days of when the
> complainant knew or should have known of the alleged noncompliance.  The
> complainant may request that the terms of the settlement agreement be
> specifically implemented or alternatively, that the complaint be reinstated for
> further processing from the point processing ceased.

Id. citing 29 C.F.R. § 1614.504(a).

In the case at bar, Plaintiff did not timely notify the EEOC of any claim of failure by

Defendants to comply with the EEOC Settlement Agreement.  To the extent that Plaintiff seeks

to enforce the EEOC Settlement Agreement or claims breach of the EEOC Settlement

Agreement, she should have filed a claim with the EEOC.  While untimely exhaustion of

administrative remedies is an affirmative defense, it is within the court's discretion to dismiss a

plaintiff's unexhausted discrimination claims where amendment would be futile.  Abner, 156

Fed. Appx. at 997.

Therefore, Plaintiff's breach of EEOC Settlement Agreement claim must be dismissed for

failure to exhaust her administrative remedies.  Further, any request for injunctive or declaratory

relief predicated upon this breach of EEOC Settlement Agreement claim must be dismissed for

the same reasons.  Plaintiff's remedies are readily and adequately available through the

appropriate avenues established by law.

## II.     This Court Lacks Jurisdiction To Adjudicate Plaintiff's ADA Claim

Count II of Plaintiff's Complaint alleges violation of the Americans With Disabilities Act

("ADA") of 1990. 42 U.S.C.S. §12101, et seq.  This Court lacks jurisdiction to adjudicate

Plaintiff's ADA claim for failure to exhaust her administrative remedies.

A plaintiff "who brings an employment discrimination claim under Title I of the

Americans with Disabilities Act of 1990... must follow the administrative procedures set for the

in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq." Churchill v. Star

Enterprises, 183 F.3d 184, 190 (3d Cir. 1999.)  A plaintiff must exhaust her claims with the

EEOC as a prerequisite to filing her action in federal court. National R.R. Passenger Corp. v.

Morgan, 536 U.S. 101, 122, 122 S.Ct. 2061 (2002).  A "plaintiff's failure to exhaust her

administrative remedies as to an ADA claim renders the district court without jurisdiction over

such claims in a civil action in federal court." Polera v. Board of Education of Newburgh

Enlarged City School Dist., 228 F.3d 478, 480 (2d Cir. 2002).

In the case at bar, Plaintiff has failed to file the prerequisite claim for violation of the

ADA with the EEOC.  This Court lacks jurisdiction over any such claim and it must be

dismissed.

## III.    Plaintiff Fails To State A Claim Against Sylvia Edwards, Individually

Plaintiff has named Sylvia Edwards, individually, as Defendant.  However, "individuals

who do not independently meet the ADA's definition of "employer" cannot be held liable under

the ADA." U.S. Equal Employment Opportunity Commission and Wessel v. AIC Security

Investigations, Ltd., et al., 55 F.3d 1276, 1279  1995 U.S. App. LEXIS 12139 (7TH Cir. 1995).

As Sylvia Edwards is simply an agent of the employer, Cook County, she does not fall within the

4

definitions of "employer" for purposes of employer personal liability under the ADA. See, Id. at
1279-1282. Accordingly, Sylvia Edwards, individually, should be dismissed.

### Conclusion

WHEREFORE, for all of the forgoing reasons, Defendants, Cook County, and Sylvia
Edwards, individually, respectfully seek dismissal from this litigation, with prejudice, as outlined
above.


Respectfully submitted,

Richard A. Devine
State's Attorney of Cook County


By: ___/s/Lisa M. Meador_____
         Lisa M. Meador
         Assistant State's Attorney
         500 Richard J. Daley Center
         Chicago, Illinois 60602
         (312) 603-4186
         ARDC No. 6270259