IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN BROWN | ) | |
| | ) | Case No. 07 C 7022 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| COOK COUNTY, Illinois and | ) | Magistrate Judge Cole |
| SYLVIA EDWARDS, Acting Chief | ) | |
| Operating Officer of Oak Forest Hospital | ) | |
| Of Cook County, Individually, | ) | |
| | ) | |
| Defendant. | ) | Jury Demand |

**PLAINTIFF'S MOTION TO RECONSIDER THE DISMISSAL OF PLAINTIFF'S COMPLAINT**

Plaintiff, KAREN BROWN, by and through her attorneys, Ed Fox & Associates, and pursuant to the Federal Rules of Civil Procedure, respectfully moves this Court to reconsider the dismissal of Plaintiff's complaint. In support thereof, Plaintiff states as follows:

I. INTRODUCTION

**The Seventh Circuit has clearly held that this Court has jurisdiction under Title VII to enforce an EEOC mediated pre-determination settlement agreement.**

At the March 7, 2008, status conference in the above name case, this Court dismissed Plaintiff's complaint for lack of subject-matter jurisdiction. At the status conference, the Court stated that it did not have jurisdiction to hear a claim for breach of a pre-determination EEOC settlement agreement between the parties. In support of this, the Court cited to *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994). Neither the defendants nor the plaintiff cited to *Kokkonen* in their motion to dismiss or response brief, respectively. Because Plaintiff was unaware that *Kokkonen* would be a case that was discussed at the status

conference, Plaintiff did not have the opportunity to make informed arguments against it being used by the Court to dismiss Plaintiff's complaint. Plaintiff believes the Court was in error in dismissing Plaintiff's complaint based on *Kokkonen* and respectfully submits the following arguments in support of that belief:

**II. *KOKKONEN* IS DISTINGUISHABLE FROM PLAINTIFF'S CASE FOR THE FOLLOWING REASONS:**

    a. In *Kokkonen*, the case was originally filed in state court and then removed to federal court. At federal court, after closing arguments but before instructions were given to the jury, the parties entered into a settlement agreement. The District Court signed a Stipulation and Order of Dismissal with Prejudice neither of which reserved jurisdiction in the District Court to enforce the settlement agreement. *Id.* at 377.

    b. In the present case, the plaintiff filed charges with the EEOC for violation of the Americans with Disabilities Act (ADA). The parties then entered into a pre-determination settlement agreement (Exhibit A) with the assistance of the EEOC. The pre-determination settlement agreement in the present case was not a settlement of a law suit and there was therefore no judicial order of dismissal, as there was in *Kokkonen*.

    c. In *Kokkonen*, the Court notes that the District Court originally declared it had "inherent power" to enforce the parties' settlement agreement. *Id*. at 377. According to the Court, the doctrine of ancillary jurisdiction did not cover the breach of a settlement agreement that was not made part of the order of dismissal and that did not reserve jurisdiction to the District Court. *Id*. at 381. "Absent

2

> such action…enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id*. at 382.

    **d.** In the present case, Plaintiff did not bring suit in federal court for breach of the pre-determination settlement agreement based on the doctrine of ancillary jurisdiction. Plaintiff brought her claim directly under the A.D.A., over which this Court has federal question jurisdiction.

### III. THE SEVENTH CIRCUIT HAS HELD THAT PRIVATE PLAINTIFFS MAY BRING AN ACTION UNDER TITLE VII TO ENFORCE A PRE-DETERMINATION SETTLEMENT AGREEMENT.

In *Ruedlinger v. Jarret*, 106 F.3d 212 (7th Cir. 1997), the Seventh Circuit held,

> We hold that private plaintiffs may bring an action under Title VII to enforce a pre-determination settlement agreement, and the district court erred in dismissing the plaintiff's second claim for failure to state a claim upon which relief may be granted under Title VII.

*Ruedlinger*, at 215.

In *Ruedlinger*, as in the present case, the plaintiff brought a claim for breach of a pre-determination agreement. *Ruedlinger* was decided three years <u>after</u> *Kokkonen* and the Seventh Circuit did not deem it necessary to distinguish or discuss *Kokkonen* in making their determination that the District Court had jurisdiction to hear plaintiff's claim. This is consistent with the numerous cases that Plaintiff cited in her Response to Defendant's Motion to Dismiss Plaintiff's Complaint.

As Plaintiff noted in her Response, several other cases have come to the same conclusion as *Ruedlinger*. (Exhibit B, Pgs 5-9). In addition, it has been found that the legislative history of

the ADA intended that ADA claims be treated the same as Title VII claims.  (Exhbit B, Pg. 8, FN 3).

## IV. Conclusion

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests that this Court reconsider the dismissal of Plaintiff's complaint for lack of jurisdiction.

Respectfully Submitted,

March 14, 2008  /s/  Edward M. Fox
Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street
Suite 330
Chicago, IL 60606
(312) 345-8877