# EXHIBIT A

12/02/2002 11:41 FAX 312 603 1404    COOK COUNTY HUMAN RES            ☒002



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

## SETTLEMENT AGREEMENT

1. The following Agreement refers to charge number 210A300425, filed by Karen L. Brown, with the Equal Employment Opportunity Commission (EEOC).

2. In exchange for satisfactory fulfillment by Respondent of the promises contained in paragraph (3) of this Agreement, the Charging Party agrees not to institute a lawsuit with respect to the above referenced charge.

3. In exchange for the promises of the Charging Party contained in paragraph (2) of this Agreement, Respondent agrees:

   $6,781.44 CMG ☒

   a. to pay the Charging Party the amount of $6,844.32, as backpay (for seven weeks and one day), less applicable withholdings for taxes, covering the period September 26, 2002 to November 18, 2002, within ten (10) days of the date of a fully executed Agreement. Payment is to be by check sent certified mail, return receipt requested;

   b. to reinstate Charging Party and assign Charging Party to a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift (3pm to 11pm) that was previously assigned, effective November 18, 2002;

   c. to restore Charging Party's full seniority;

   d. to restore all vacation leave and sick leave, Charging Party had accrued as of September 26, 2002, including the restoration of all such leaves that Charging Party would have earned from September 26, 2002 until reinstate on November 18, 2002;

   e. to comply with all requirements of the ADA including, but not limited to the prohibition against discriminating against employees with disabilities and the requirement of providing them with reasonable accommodations.

4. The Respondent agrees that there shall be no discrimination or retaliation of any kind against Charging Party or any person because of opposition to any practice declared unlawful under the ADA; or because of the filing of a charge; giving of testimony or assistance; or participation in any manner in any investigation, proceedings, or hearing under the ADA.

5. Respondent agrees to reiterate to Richard Kasey, Director of Respiratory Therapy, the

Settlement Agreement
EEOC #210A300425
Page 2

6. Respondent agrees to send Ernestine Harris a copy of the check to Charging Party, documents that reflect the date of Charging Party's reinstatement and job assignment, the date and restoration of her sick and vacation leaves, and the date and restoration of her seniority.

7. It is understood that this Agreement does not constitute an admission by the Respondent of any violation of the law.

8. The parties agree that this Agreement may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this Agreement.

9. It is understood that the Charging Party has a right to consult with an attorney prior to executing this Agreement and is entitled to have **10** days to consider this Agreement.

_Nov 27, 2002_
Date

_Claudette M. Gill_
Respondent

_Dec 7, 2002_
Date

_[signature]_
Charging Party

[This clause is deemed incorporated as part of this Agreement if and when signed by EEOC District Director.]

10. In reliance on the promises made by the Respondent, EEOC agrees to terminate the investigation which it has begun and not to use the above referenced charge as the jurisdictional basis for a civil action. EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation including, but not limited to, a charge filed by a member of the Commission against the Respondent.

On behalf of the Commission:

_12/18/02_
Date

_John P. Rowe_
John P. Rowe
District Director