# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN BROWN | ) | |
| | ) | Case No. 07 C 7022 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| COOK COUNTY, Illinois and | ) | Magistrate Judge Cole |
| SYLVIA EDWARDS, Acting Chief | ) | |
| Operating Officer of Oak Forest Hospital | ) | |
| Of Cook County, Individually, | ) | |
| | ) | |
| Defendant. | ) | Jury Demand |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

## PLAINTIFF'S COMPLAINT

Plaintiff, KAREN BROWN, by and through her attorneys, Ed Fox & Associates, and
pursuant to the Federal Rules of Civil Procedure, moves this Court to deny Defendants' Motion
to Dismiss Plaintiff's Complaint. In support thereof, Plaintiff states as follows:

### I.    Introduction

In November 2002, the parties entered into a settlement agreement with the assistance of
the EEOC. (Exhibit A). In December 2003, Plaintiff successfully brought suit against
Defendant for breach of the settlement agreement. That settlement agreement, entered into on
August 9, 2004, is attached as Exhibit B.

On December 13, 2007, Plaintiff filed the above-captioned case against Defendant for
breach of the settlement agreement. The defendants have again refused to permit Plaintiff to
work her job despite her ability to do so with a reasonable accommodation. Defendants have
moved to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. However,
as Plaintiff will show, it was proper for Plaintiff to bring suit in federal court for breach of the

1

settlement agreement and Plaintiff is not required to exhaust administrative remedies before filing suit. Because Plaintiff's breach of settlement agreement claim is proper, Plaintiff's request for injunctive relief under that claim should also not be dismissed, as it requests, in effect, specific performance of the settlement agreement.

Furthermore, with leave of the Court, Plaintiff intends to amend Plaintiff's complaint to remove "Count II ADA Violation" and remove Sylvia Edwards as a defendant.[1] These amendments will have no impact on Plaintiff's claim for breach of settlement agreement. Plaintiff's complaint sufficiently alleged breach of the settlement agreement between the parties and was properly filed in federal court. Therefore, Plaintiff has stated a claim upon which relief can be granted and Defendants' motion to dismiss this claim should be denied.

## II.   Standard of Review

In order to survive a motion to dismiss, a Plaintiff must only show that she stated claims upon which relief can be granted. The Court of Appeals, Seventh Circuit explained the standard for notice pleadings, "[r]ule 8(a) of the *Federal Rules of Civil Procedure* requires that a complaint contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' This 'short and plain statement' must be enough 'to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* ---U.S.---, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court of Appeals went on to explain that complaints do not require, " 'heightened fact pleading of specifics,' " but that the complaint must contain "enough facts to

---

[1]     In December 2007, Plaintiff filed a charge with the EEOC for violation of the ADA. Plaintiff has requested a "right to sue" letter and expects to receive this letter shortly.

2

state a claim to relief that is plausible on its face." *Killingsworth v. HSBC Bank Nevada, N.A.,*
507 F.3d 614, 618 (7th Cir.2007) (quoting *Bell Atlantic,* 127 S.Ct. 1955 at 1974).

      In ruling on a motion to dismiss, "a court must construe all well-pleaded allegations of
the complaint as true, and draw all inferences in favor of the plaintiff." *Moreno v. Town of
Cicero,* 2000 WL 528475 (N.D.Ill.) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683,
1686, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183, 104
S.Ct. 3012, 82 L.Ed.2d 139 (1984)). The issue in reviewing the sufficiency of the complaint is
"whether the plaintiff has properly stated a claim upon which relief could be granted, not
whether the plaintiff will ultimately prevail on the merits." *Moreno v. Town of Cicero,* 2000 WL
528475 (N.D.Ill.) (citing *Scheuer v. Rhodes,* 416 U.S. 232 at 236).

      Plaintiff's complaint properly states a claim of breach of EEOC Settlement Agreement
upon which relief can be granted. The complaint alleges "[i]n or about November 2002, the
parties executed an EEOC Settlement Agreement (attached as Exhibit A)." (Exhibit C, ¶ 10).
Plaintiff's complaint goes on to allege that Defendants have violated the EEOC Settlement
Agreement. (Exhibit C, ¶ 14). "Plaintiff has performed all conditions, covenants, and promises
required by her to be performed in accordance with the terms and conditions of the EEOC
Settlement Agreement." (Exhibit C, ¶ 19). "By refusing to continue accommodating Plaintiff by
forcing her to take steps inconsistent with her settlement agreement, Defendants breached the
EEOC Settlement agreement..." (Exhibit C, ¶ 20). These allegations are sufficient to put
defendants on notice of the claim against them and is a claim upon which relief may be granted.

**III.    Defendants' motion to dismiss should be denied.**

      Defendants cite to an inapplicable Code of Federal Regulations (C.F.R.) in support of
their claim that Plaintiff must exhaust her administrative remedies before filing suit in federal

court. Defendant's motion cites 29 C.F.R. § 1614.504(a). (Exhibit D, Pg. 3). C.F.R. Part 1614 "Federal Sector Equal Employment Opportunity" applies only to federal sector employees. 29 C.F.R. § 1614.103. [2] Plaintiff is an employee of a Cook County hospital and is therefore not a federal sector employee and her claims of discrimination are not governed by the C.F.R. cited in Defendants' motion.

Defendants' motion to dismiss also argues, "[p]laintiff's claim is barred for failure to exhaust her administrative remedies." (Exhibit D, Pg. 2). The case Defendants cite in support of this argument is the Ninth Circuit Court of Appeals case of *Abner v. Law Offices of DeClues and Burkett, et al.,* 156 Fed.Appx. 997; 2005 U.S. App. LEXIS 27894. The Ninth Circuit stated at the beginning of the memorandum in FN** that, "[t]his disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3." Furthermore, in making the conclusion that plaintiffs must exhaust administrative remedies before bringing suit in federal court, the *Abner* court relies on *Blank v. Donovan,* 780 F.2d 808, 809 (9th Cir. 1986), that states that EEOC administrative procedures are jurisdictional. "These procedures act as jurisdictional prerequisites to further the goal of voluntary settlement." However, as Plaintiff will show, the Seventh Circuit has decided that EEOC administrative procedures are not jurisdictional and Plaintiff is not required to exhaust her administrative remedies before filing suit in federal court.

---

[2]     In fact, according to §1614.103 this part applies only to the following federal sector employees:  (1) Military departments as defined in 5 U.S.C. 102; (2) Executive agencies as defined in 5 U.S.C. 105; (3) The United States Postal Service, Postal Rate Commission and Tennessee Valley Authority; (4) All units of the judicial branch of the Federal government having positions in the competitive service, except for complaints under the Rehabilitation Act; (5) The National Oceanic and Atmospheric Administration Commissioned Corps; (6) The Government Printing Office; and (7) The Smithsonian Institution.

4

## IV. Plaintiff is NOT required to exhaust administrative remedies before filing suit in federal court for breach of EEOC Settlement Agreement.

In *E.E.O.C. v. Liberty Trucking Co.*, 695 F.2d 1038, 1040 (7th Cir. 1982), the Seventh

Circuit held that "Congress intended to provide the EEOC with a federal forum to enforce

conciliation agreements." In *Liberty Trucking*, the Seventh Circuit reversed the district court's

decision that it lacked subject matter jurisdiction over the EEOC's attempt to enforce a

conciliation agreement. *Id.* at 1039. In reversing, the Seventh Circuit emphasized the

importance of the fact that conciliation agreements are voluntary.

> But the district court, we believe, failed to recognize the implication of the fact that
> conciliation agreements are entirely voluntary. It is precisely this voluntary character of
> conciliation agreements which prevents EEOC from attaining the adjudicative power
> which Congress rejected with the 1972 amendments.
>
> *Id.* at 1044.

In the present case, the parties entered into a predetermination settlement agreement and

not a conciliation agreement. The *Liberty Trucking* court went on to include an important

footnote on the two types of agreements, noting again the importance that these agreements are

voluntary:

> We do not reach the question whether a distinction should be made between conciliation
> agreements, which are statutory creatures and which follow an EEOC investigation and
> determination of reasonable cause, and settlement agreements which are a device created
> by the EEOC to resolve complaints prior to investigation. *See, EEOC v. Pierce Packing
> Co.*, 669 F.2d 605 (9th Cir. 1982). We note, however, that our decision here turns on the
> voluntary nature of conciliation agreements and not upon an administrative finding of
> reasonable cause. Jurisdiction predicated upon the administrative finding of reasonable
> cause would, it appears, tend to convert the EEOC into an adjudicative administrative
> agency.
>
> *Id.* at 1044 n. 7.

Other circuits have since concluded that predetermination agreements (which includes

Plaintiff's Settlement Agreement) should not be treated differently than conciliation agreements.

5

The Fourth Circuit discussed the importance of allowing suits for breach of predetermination

agreements to be brought in federal court.

> Pre-determination settlement (PDS) agreements are no less effective in facilitating the
> Commission's essential role as a mediator than conciliation agreements. By allowing
> more frequent settlements, the PDS saves resources that might otherwise be consumed in
> litigation and furthers the statutory goal of voluntary compliance. In addition, it enhances
> the aim of rapidly resolving disputes by encouraging early resolution before the
> Commission is required to expend time in investigations and reasonable cause
> determinations... To prohibit the EEOC from summarily enforcing pre-determination
> settlements would allow an employer to engage in dilatory tactics which would frustrate
> the congressional intent of rapid resolution of disputes. If the EEOC had to pursue the
> usual process [of investigation and reasonable cause determination] before enforcing a
> pre-determination settlement, such agreements would be meaningless.

*EEOC v. Henry Beck Co.*, 729 F.2d 301, 305-306 (4th Cir.1984).

The Eleventh Circuit also came to the conclusion that predetermination and conciliation

agreements should be treated alike, finding the Seventh Circuit *Liberty Trucking* court

persuasive.

> In any event, we do not find any relevant distinction between pre-determination
> agreements and conciliation agreements for purposes of Title VII jurisdiction, given the
> congressional emphasis on voluntary compliance and conciliation...We also note that the
> Seventh Circuit suggested in *Liberty Trucking*, 695 F.2d at 1044 n. 7, that it too would
> see no relevant difference for jurisdictional purposes...

*Eatmon v. Bristol Steel & Ironworks, Inc.*, 769 F.2d 1503, 1511 n. 9 (11th Cir.1985)

The Eleventh Circuit also concluded that private employees, not just the EEOC, can file

suit in federal court for breach of predetermination settlement agreements.

> A predetermination settlement agreement is a contract between a complaining employee
> and the allegedly discriminatory employer that is reached with the aid of the EEOC prior
> to an EEOC determination of the merits of the complaining employee's charge of
> discrimination. *See Eatmon v. Bristol Steel & Ironworks, Inc.*, 769 F.2d 1503, 1511 (11th
> Cir.1985) (discussion of role of predetermination settlement agreements in Title VII
> scheme). Construction of such an agreement is governed by the principles of federal
> common law. *Id.* at 1516-1517. An employee need not file an EEOC charge alleging
> breach of the agreement to invoke the jurisdiction of a federal court or over an action
> arising from breach of a settlement agreement. *Id.* At 1510.

*Brewer v. Muscle Shoals Bd. Of Educ.*, 790 F.2d 1515, 1519 (11th Cir.1986).

Based upon the forgoing, in *Sherman v. Standard Rate Data Service, Inc.*, 709 F.Supp.

1433, 1441 (N.D. Ill.1989), the court disagreed with the defendant's assertion that private

plaintiffs should not be permitted to file suit in federal court for breach of a settlement

agreement.

> Although the Court has not found any Seventh Circuit authority on point, the Court
> agrees with the Eleventh Circuit's holding in *Eatmon* that '[a]ll of the reasons to support
> Title VII jurisdiction over such actions when brought by the EEOC apply with equal
> force to actions brought by the aggrieved employees to enforce conciliation agreements
> entered into by the EEOC, their employees, and themselves.' 769 F.2d at 1510. *See also*
> *Brito v. Zia Co.*, 478 F.2d 1200 (10th Cir.1973) (cited with approval in *Liberty Trucking*,
> 695 F.2d at 1044 n. 5); *Kiper v. La. St. Bd. Of Elem. Educ.*, 592 F.Supp. 1343, 1359
> (M.D.La.1984), aff'd, 778 F.2d 789 (5th Cir. 1985); *Byrd v. Long Island Lighting Co.*,
> 565 F.Supp. 1455, 1461 (E.D.N.Y.1983).
>
> *Sherman,* 709 F.Supp. at 1440-1441.

The *Sherman* court relied on the Seventh Circuit in *Liberty Trucking* and the Eleventh

Circuit in *Eatmon* and *Brewer* to conclude that a plaintiff is not required to file her breach of

predetermination settlement agreement claims with the EEOC before bringing suit in federal

court.

> Moreover, the Court holds that [plaintiff] Sherman is not required to exhaust her
> administrative remedies in order to bring suit for the breach of the Settlement in federal
> court. The fact that 'no charges were ever filed with the EEOC and there was no EEOC
> investigation or determination of reasonable cause do not prevent this from being an
> action 'brought under' Title VII." *Eatmon,* 769 F.2d at 1510-11. *See also, Brewer v.
> Muscle Shaols Bd. Of Educ.*, 790 F.2d 1515, 1519 (11th Cir.1986) ('[a]n employee need
> not file an EEOC charge alleging breach of the agreement to invoke the jurisdiction of a
> federal court over an action arising from the breach of a settlement agreement'). Such
> actions are brought directly under Title VII over which federal courts have subject matter
> jurisdiction, *see Liberty Trucking,* 695 F.2d at 1044, and plaintiffs need not exhaust
> administrative remedies as a prerequisite to filing such actions. *Eatmon,* 769 F.2d at
> 1508, 1512 (goal of voluntary compliance and conciliation overrides requirement of
> EEOC participation).

*Id.* at 1441.[3]

Other district courts have also found this reasoning persuasive. E.g., *Francisco v. Prinicpi*, 2001 WL 563793 (N.D.Ill.) (finding that the court had jurisdiction over Plaintiff's breach of predetermination settlement agreement claim). "The Court finds *Liberty Trucking* instructive and *Eatmon*, *Beck*, and *Sherman* persuasive. Because the Court sees no reason to differentiate between conciliation and settlement agreements as they relate to jurisdiction, the Court holds that it has jurisdiction over [plaintiff] Fransisco's claim that the DVA breached the pre-determination settlement agreement." *See also, Kraft v. Johanns*, 2007 WL 2212890 (D.N.D.) (quoting *Francisco* 2001 WL 563793 (N.D.Ill.) and holding the court had authority to hear a breach of settlement agreement claim); *Gross v. Town of Cicero*, 2004 WL 2397285 (N.D.Ill.) (denying defendants' motion to dismiss Plaintiff's claim in part because breach of an EEOC agreement may be brought in federal court).

Given that the great weight of authority states that Plaintiff's claim of breach of settlement agreement was properly brought before the Court, the Court may grant relief for the claim. Because Plaintiff's breach of settlement agreement claim is proper, her request for declaratory and injunctive relief under that claim is also proper. (Exhibit C, Count III, ¶ 24 – 28).

---

[3]      Plaintiff's breach of EEOC Settlement Agreement arises under the ADA and not Title VII of the Civil Rights Act. This makes no difference to whether Plaintiff may bring her breach of settlement claim to federal court because courts have held that the legislative history of the ADA intended that such claims should be treated the same as Title VII claims.

> The Committee intends that the powers, remedies and procedures available to persons discriminated against based on disability shall be the same as, and parallel to, the powers, remedies and procedures available to persons discriminated against based on race, color, religion, sex or national origin. Thus, if the powers, remedies and procedures change in Title VII of the 1964 Act, they will change identically under the ADA for persons with disabilities.

*Baumgardner v. County of Cook*, 108 F.Supp.2d 1041, 1044-1045 (N.D.Ill.2000) (citing H.R.REP. NO. 101-485 pt. 3 at 48, (1990) *reprinted in* LEGISLATIVE HISTORY OF PUBLIC LAW 101-336 THE AMERICANS WITH DISABILITIES ACT at 488 (Comm.Print.1991)).

## V.    Conclusion

WHEREFORE, for all of the forgoing reasons, Plaintiff, Karen Brown, respectfully

request that Defendants' Motion to Dismiss be denied.

Respectfully Submitted,

February 29, 2008                          /s/ Leslie C. McCoy
                                           Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street
Suite 330
Chicago, IL 60606
(312) 345-8877

9

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KAREN BROWN | ) | |
| | ) | Case No. 07 C 7022 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| COOK COUNTY, Illinois and | ) | Magistrate Judge Cole |
| SYLVIA EDWARDS, Acting Chief | ) | |
| Operating Officer of Oak Forest Hospital | ) | |
| Of Cook County, Individually, | ) | |
| | ) | |
| Defendant. | ) | Jury Demand |

## NOTICE OF FILING

To:   Lisa Marie Meador
      Cook County State's Attorney
      500 Richard J. Daley Center
      Chicago, IL 60602

**PLEASE TAKE NOTICE** that on February 29, 2008, the undersigned filed with the Clerk of this Court, **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT,** service of which is being made upon you.

> s/Leslie C. McCoy
> Leslie C. McCoy
> ED FOX & ASSOCIATES
> 300 West Adams, Suite 330
> Chicago, IL 60606
> (312) 345-8877

## PROOF OF SERVICE

I, Leslie C. McCoy, an attorney, under penalty of perjury, and state that on February 29, 2008, service is being made in accordance with the General Order on Electronic Case Filing section XI.

> s/Leslie C. McCoy
> Leslie C. McCoy
> ED FOX & ASSOCIATES
> 300 West Adams, Suite 330
> Chicago, IL 60606
> (312) 345-8877

# EXHIBIT A

Case 1:07-cv-07022     Document 17-3     Filed 03/14/2008     Page 13 of 35
12/02/2002 11:43 FAX 312 803 3404     Case 1:07-cv-07022     Document 12-2     Filed 02/29/2008     Page 2 of 24
COOK COUNTY HUMAN RES                                                          Ⓐ002
Case 1:07-cv-07022     Document 1     Filed 12/13/2007     Page 9 of 10



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-3713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

## SETTLEMENT AGREEMENT

1.  The following Agreement refers to charge number 210A300425, filed by Karen L. Brown, with the Equal Employment Opportunity Commission (EEOC).

2.  In exchange for satisfactory fulfillment by Respondent of the promises contained in paragraph (3) of this Agreement, the Charging Party agrees not to institute a lawsuit with respect to the above referenced charge.

3.  In exchange for the promises of the Charging Party contained in paragraph (2) of this Agreement, Respondent agrees:

    $6,781.14 CNH  ✓B

    a.    to pay the Charging Party the amount of $6,844.32, as backpay (for seven weeks and one day), less applicable withholdings for taxes, covering the period September 26, 2002 to November 18, 2002, within ten (10) days of the date of a fully executed Agreement. Payment is to be by check sent certified mail, return receipt requested;

    b.    to reinstate Charging Party and assign Charging Party to a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift (3pm to 11pm) that was previously assigned, effective November 18, 2002;

    c.    to restore Charging Party's full seniority;

    d.    to restore all vacation leave and sick leave, Charging Party had accrued as of September 26, 2002, including the restoration of all such leaves that Charging Party would have earned from September 26, 2002 until reinstate on November 18, 2002;

    e.    to comply with all requirements of the ADA including, but not limited to the prohibition against discriminating against employees with disabilities and the requirement of providing them with reasonable accommodations.

4.  The Respondent agrees that there shall be no discrimination or retaliation of any kind against Charging Party or any person because of opposition to any practice declared unlawful under the ADA; or because of the filing of a charge; giving of testimony or assistance; or participation in any manner in any investigation, proceedings, or hearing under the ADA.

5.  Respondent agrees to reiterate to Richard Kasey, Director of Respiratory Therapy, the

Case 1:07-cv-07022    Document 17-3    Filed 03/14/2008    Page 14 of 35
Case 1:07-cv-07022    Document 12-2    Filed 02/29/2008    Page 3 of 24
Case 1:07-cv-07022    Document 1    Filed 12/13/2007    Page 10 of 10

Settlement Agreement
EEOC #210A300425
Page 2

6.   Respondent agrees to send Ernestine Harris a copy of the check to Charging Party,
     documents that reflect the date of Charging Party's reinstatement and job assignment,
     the date and restoration of her sick and vacation leaves, and the date and restoration
     of her seniority.

7.   It is understood that this Agreement does not constitute an admission by the
     Respondent of any violation of the law.

8.   The parties agree that this Agreement may be specifically enforced in court and may
     be used as evidence in a subsequent proceeding in which any of the parties allege a
     breach of this Agreement.

9.   It is understood that the Charging Party has a right to consult with an attorney prior
     to executing this Agreement and is entitled to have **10** days to consider this
     Agreement.

_Nov 27, 2002_
Date

_Claudette M. Gill_
Respondent

_Dec. 7, 2002_
Date

_Karen L. Dean_
Charging Party

[This clause is deemed incorporated as part of this Agreement if and when signed by EEOC
District Director.]

10.  In reliance on the promises made by the Respondent, EEOC agrees to terminate the
     investigation which it has begun and not to use the above referenced charge as the
     jurisdictional basis for a civil action. EEOC does not waive or in any manner limit
     its right to process or seek relief in any other charge or investigation including, but not
     limited to, a charge filed by a member of the Commission against the Respondent.

On behalf of the Commission:

_12/18/02_
Date

_John P. Rowe_
John P. Rowe
District Director

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KAREN BROWN,                          )
                                      )
           Plaintiff,                 )
                                      )
     v.                               )        No. 03 C 9270
                                      )
COOK COUNTY, ILLINOIS,                )        Judge Wayne R. Anderson
JOHNNY C. BROWN, Chief Operating Officer )     Magistrate Judge Martin Ashman
of Oak Forest Hospital of Cook County, )
Individually,                         )
                                      )
           Defendants.                )

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

The parties to this Settlement Agreement and Release of Claims, ("Agreement"), Karen

Brown ("Brown"), represented by her attorney, Ed Fox & Associates, and Cook County and

Johnny C. Brown ("Defendants"), represented by Richard A. Devine, the State's Attorney of

Cook County, through Maureen Feerick, Robin Mitchell, and Lisa M. Meador, Assistant State's

Attorneys, hereby agree as follows:

1.     The parties agree that this Agreement covers all charges made by Brown

concerning her claim for damages and other relief as a result of the above-captioned litigation,

styled Karen Brown v. Cook County, et al., court number 03 C 9270, pending in the United

States District Court for the Northern District of Illinois, against Cook County and Johnny C.

Brown and any named or unnamed County of Cook employee or political subdivision, and that

these charges, and all claims, actions, suits, and demands of whatever nature, arising from those

charges, are the subject matter of this Agreement.  This Agreement does not supercede any other

agreement(s) resulting from litigation between the parties in existence prior to this Agreement.

Page 1 of 4

2.     Payment in the amount of Twenty Thousand Dollars and No Cents ($20,000) will be issued by Cook County to Brown through payroll for pay period ending August 11, 2004.

3.     Brown will be credited Eight (8) Sick Days and Ten (10) Vacation Days Accrual effective for pay period ending August 11, 2004.

4.     A check in the amount of Ten Thousand Dollars and No Cents ($10,000) payable to Brown, and her attorney, Ed Fox & Associates, will be issued by Cook County within sixty (60) days of the signing of this Agreement.

5.     In consideration therefore, Brown agrees to be bound by the provisions in this Agreement.

6.     Brown, on behalf of herself, her agents and her assigns, knowingly and voluntarily agrees to release and forever discharge the Cook County and Johnny C. Brown, including its political subdivisions, agents, attorneys, employees, officers, insurers, and reinsurers, assigns and successors, individual and official capacities, from all lawsuits, claims, demands, charges, damages, fees, costs, and causes of actions, known and unknown arising out of or relating to the subject matter of this agreement, for acts that occurred up to the date of this Agreement, except for the purposes of enforcing the terms of this Agreement.

7.     The above-stated settlement is the sole consideration for this Agreement and it is expressly understood that such consideration of offered and accepted in full settlement of all alleged injuries and damages arising out of the subject matter of this Agreement, whether known or unknown and whether or not ascertainable at the time of the execution of this Agreement.

8.     Cook County and Johnny C. Brown are entering into this Agreement to compromise and resolve the litigation and to avoid further litigation. Cook County and Johnny C. Brown, by entering into this Agreement, do not admit liability and, in fact expressly deny

Page 2 of 4



liability. It is further understood that the payment of the monies in paragraphs 2 and 4, and any other compromised awards stated herein are not an admission of liability on the part of Cook County and Johnny C. Brown, and that Cook County and Johnny C. Brown expressly deny any liability.

9.      In interpreting this Agreement no inference shall be drawn for or against any party because the party drafted any provision. This Agreement shall be binding upon the parties to it, and their successors and assigns. Each party acknowledges that he, she, it or they have been represented by counsel in connection with the negotiation and execution of this Agreement and has read this Agreement that incorporates the entire settlement agreement. Each party understands that it is a general release of claims and freely, knowingly, and voluntarily agrees to be bound by this Agreement. The terms of this Agreement are contractual and are not a mere recital.

10.     It is expressly understood that all of Brown's attorney's fees and any other costs arising out of or relating to the subject matter of this Agreement, whether known or unknown and whether ascertainable or not ascertainable at the time of the execution of this Agreement, are Brown's sole responsibility.

11.     The parties agree that the United States District Court for the Northern District of Illinois shall retain jurisdiction to enforce the terms of this agreement. It is further expressly understood that the breaching party will pay the costs and reasonable attorney's fees incurred by the non-breaching party for enforcement of this Agreement.

12.     The parties agree that the terms, facts and contents of this Agreement shall remain completely confidential. None of the parties or their attorneys will disclose any information concerning this Agreement to anyone, except as necessary to the United States Internal Revenue

Service, or the State of Illinois Department of Revenue, or any other governmental entity necessary to effectuate the terms and spirit of this Agreement. It is further agreed that the parties will not disclose or characterize any of the negotiations culminating in this agreement, including any offers and demands made by the parties. The parties further agree that if asked about the terms, facts, and contents of this Agreement, the parties will respond only by stating that "the matter has been amicably resolved" without any further elaboration. Neither Brown, nor her attorney, shall create or disseminate any of the terms, facts, or contents of this agreement to any non-party except as required by law. The parties agree that neither this settlement, nor any terms thereof, shall be offered or received as evidence in any court or administrative action or proceeding, as an indication of wrongdoing by the Defendants.

13.    The parties acknowledge that this document contains the entirety of their agreement and constitutes a full settlement of all claims arising out of the subject matter of this Agreement.

_____           _____
Date                                                           Karen Brown

Subscribed and sworn to
before me this _9th_ day
of _August_, 2004.

_____
Notary public

> "OFFICIAL SEAL"
> Concheita Richardson
> Notary Public, State of Illinois
> My Commission Exp. 02/23/2008

_____           _____
Date                                                           Ed Fox
                                                            Attorney for Karen Brown

_____           _____
Date                                                           Maureen Feerick
                                                            Assistant State's Attorney
                                                            Attorney for Defendants

# EXHIBIT C

Case 1:07-cv-07022    Document 17-3    Filed 03/14/2008    Page 21 of 35
Case 1:07-cv-07022    Document 12-2    Filed 02/29/2008    Page 10 of 24
Case 1:07-cv-07022    Document 1    Filed 12/13/2007    Page 1 of 10

**FILED**

**07 C 7022**

**DECEMBER 13, 2007**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**JUDGE SHADUR**
**MAGISTRATE JUDGE COLE**

| | | |
|---|---|---|
| KAREN BROWN, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COOK COUNTY, Illinois, and | ) | COMPLAINT FOR VIOLATION |
| SYLVIA EDWARDS, Acting Chief | ) | OF CIVIL RIGHTS |
| Operating Officer of Oak Forest Hospital | ) | |
| of Cook County, Individually, | ) | **J. N.** |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |

### JURISDICTION AND VENUE

1.    This action arises under the United States Constitution, and the Americans with

Disabilities Act ("ADA") of 1990. This court has jurisdiction under and by virtue of 28 U.S.C

§§ 1343 and 1331.

2.    Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts

complained of arose in this district.

### PARTIES

3.    At all times herein mentioned, Plaintiff Karen Brown has been employed by

Defendants at Oak Forest Hospital of Cook County, and resides in Cook County, Illinois.

4.    At all times herein mentioned, Defendant Sylvia Edwards was acting as Chief

Operating Officer for Oak Forest Hospital of Cook County, employed as such by Cook County,

and was at all material times acting under color of state law and as the employee, agent, and

representative of every other Defendant. This Defendant, namely Sylvia Edwards, is being sued

in her individual capacity.

Case 1:07-cv-07022    Document 17-3    Filed 03/14/2008    Page 22 of 35
Case 1:07-cv-07022    Document 12-2    Filed 02/29/2008    Page 11 of 24
Case 1:07-cv-07022    Document 1    Filed 12/13/2007    Page 2 of 10

5.      At all times herein mentioned, Defendant Cook County, is now, and was at all times herein mentioned, a political subdivision of the State of Illinois existing as such under the laws of the State of Illinois and the United States. On information and belief, Cook County owns, manages, supervises and/or otherwise maintains Oak Forest Hospital of Cook County.

## FACTUAL ALLEGATIONS

6.      On or about March 26, 1979, Plaintiff became employed with the Defendants.

7.      Plaintiff suffers from a disability that substantially limits her in major life activities.

8.      Defendants had notice of Plaintiff's disability in or before April 2002, when Plaintiff was put on medical restrictions in the workplace.

9.      In or about September 2002, Defendants advised Plaintiff that Defendants would not accommodate Plaintiff's medical restrictions. Consequently, Plaintiff filed an EEOC charge against Defendants.

10.      In or about November 2002, the parties executed an EEOC Settlement Agreement (attached as Exhibit A). The agreement provided, *inter alia,* that Defendants would reinstate Plaintiff and accommodate her by assigning her to work as a Respiratory Therapist in the Ventilating Unit. In consideration, Plaintiff agreed not to institute a lawsuit with respect to the charge arising on or about September 2002.

11.      On or about September 23, 2003, Defendants again refused to accommodate Plaintiff's medical restrictions, despite the ability to do so.

2

Case 1:07-cv-07022    Document 17-3    Filed 03/14/2008    Page 23 of 35
Case 1:07-cv-07022    Document 12-2    Filed 02/29/2008    Page 12 of 24
Case 1:07-cv-07022    Document 1    Filed 12/13/2007    Page 3 of 10

12.    On or about September 23, 2003, Defendants forced Plaintiff onto medical disability status for an indefinite period of time, due to Plaintiff's disability. However, Plaintiff remained qualified to work at the same reasonable accommodation that she had been receiving.

13.    On or about December 2003, Plaintiff successfully brought an action, (*Brown v. Cook County and Johnny C. Brown*, Case No. 03 C 9270), against Defendants to reinstate her in a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift as was previously assigned.

14.    On November 13, 2007, Defendants informed Plaintiff that they would again no longer be following the EEOC Settlement Agreement. In pursuit of this, Defendants have taken steps which are in violation of Plaintiff's agreement and the Defendants are in violation of the ADA.

15.    As a result of the aforesaid acts of the Defendants, Plaintiff has become mentally upset, distressed and aggravated. Plaintiff has suffered mental anguish and suffering all to the Plaintiff's damage in a sum to be ascertained according to proof at the time of trial.

16.    The aforementioned acts of the Defendants were reckless, willful, wanton, malicious, oppressive and in callous disregard to and indifference to the Plaintiff. Thus Plaintiff requests the assessment of punitive damages against the Defendants in a sum as determined according to law and the proof.

17.    Plaintiff has attempted to mitigate her damages.

## COUNT I

### Breach of the EEOC Settlement Agreement

18.    Plaintiff realleges and incorporates paragraphs one (1) through seventeen (17) as though fully set forth at this place.

3

Case 1:07-cv-07022    Document 17-3    Filed 03/14/2008    Page 24 of 35
Case 1:07-cv-07022    Document 12-2    Filed 02/29/2008    Page 13 of 24
Case 1:07-cv-07022    Document 1    Filed 12/13/2007    Page 4 of 10

19.    Plaintiff has performed all conditions, covenants, and promises required by her to be performed in accordance with the terms and conditions of the EEOC Settlement Agreement.

20.    By refusing to continue accommodating Plaintiff by forcing her to take steps inconsistent with her settlement agreement, Defendants breached the EEOC Settlement Agreement, and as a result, Defendant is in violation of the ADA.

## COUNT II

### ADA Violation

21.    Plaintiff realleges and incorporates paragraphs one (1) through seventeen (17) as though fully set forth at this place.

22.    Defendants' refusal to accommodate Plaintiff's disability by forcing her to work outside of the Ventilating Unit, J-12, constitutes discrimination in violation of the ADA in that the Plaintiff has a known disability, she is qualified for her position with a reasonable accommodation for her position, and there is no non-discriminatory cause to force Plaintiff to work outside of the Ventilating Unit, J-12.

23.    As a result, the Defendant is in violation of the ADA.

## COUNT III

### Declarative and Injunctive Relief

24.    Plaintiff realleges and incorporates paragraphs one (1) through twenty-three (23) as though fully set forth at this place.

25.    By reason of Defendants' actions, Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending actual damage as set forth above.

4

Case 1:07-cv-07022    Document 17-3    Filed 03/14/2008    Page 25 of 35
Case 1:07-cv-07022    Document 12-2    Filed 02/29/2008    Page 14 of 24
Case 1:07-cv-07022    Document 1    Filed 12/13/2007    Page 5 of 10

26.     Plaintiff has no adequate or speedy remedy at law for the above-mentioned conduct of Defendants, and this action is the only means available to Plaintiff to ensure Plaintiff equal treatment of employees similarly situated to Plaintiff.

27.     Further, there exists a real controversy between Plaintiff and the Defendants, and each of them, over Plaintiff's rights and Defendants' ongoing obligations under the EEOC Settlement Agreement.

28.     It is thus, necessary for this court to declare that:

(a)     Defendants have breached the EEOC Settlement Agreement of November 2002 and are in violation of the ADA;

(b)     Defendants must assign Plaintiff to a Respiratory Therapist position in the Ventilating Unit, J-12, only, working the same shift that was previously assigned.

(c)     Defendants shall not take steps, including imposing medical exams on Plaintiff, which are intended to interfere or disrupt Plaintiff's reasonable accommodation.

WHEREFORE, Plaintiff, Karen Brown, hereby requests judgment against the Defendants as follows:

1.     For this Court's order that Plaintiff be:

(a)     Assigned to a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift that was previously assigned, and that

(b)     Defendants shall not take steps, including imposing medical exams on Plaintiff, which are intended to interfere or disrupt Plaintiff's reasonable accommodation.

2.     For general damages in an amount yet to be ascertained;

3.     For special damages in an amount to be ascertained;

5

Case 1:07-cv-07022    Document 17-3    Filed 03/14/2008    Page 26 of 35
Case 1:07-cv-07022    Document 12-2    Filed 02/29/2008    Page 15 of 24
Case 1:07-cv-07022    Document 1    Filed 12/13/2007    Page 6 of 10

4.    For punitive and exemplary damages in a sum to be ascertained;

5.    For reasonable attorneys fees according to the appropriate statutory and common law in an amount to be ascertained;

6.    For costs of suit; and

7.    For such other relief as this Court deems just and proper.

Submitted by,

Dated: December 13, 2007

By: s/Edward M. Fox
      Edward M. Fox
      ED FOX & ASSOCIATES
      Attorneys for Plaintiff
      300 W. Adams
      Suite 330
      Chicago, Illinois 60606
      (312) 345-8877

6

Case 1:07-cv-07022     Document 17-3     Filed 03/14/2008     Page 27 of 35
Case 1:07-cv-07022     Document 12-2     Filed 02/29/2008     Page 16 of 24
Case 1:07-cv-07022     Document 1     Filed 12/13/2007     Page 7 of 10

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

By: s/Edward M. Fox\
    Edward M. Fox\
    ED FOX & ASSOCIATES\
    Attorneys for Plaintiff\
    300 W. Adams\
    Suite 330\
    Chicago, Illinois 60606\
    (312) 345-8877

Case 1:07-cv-07022    Document 17-3    Filed 03/14/2008    Page 28 of 35
Case 1:07-cv-07022    Document 12-2    Filed 02/29/2008    Page 17 of 24
Case 1:07-cv-07022    Document 1    Filed 12/13/2007    Page 8 of 10

# EXHIBIT A

# EXHIBIT D

Case 1:07-cv-07022    Document 17-3    Filed 03/14/2008    Page 30 of 35
Case 1:07-cv-07022-07022 Document 12-3    Filed 02/29/2008    Page 19 of 24
Case 1:07-cv-07022  Document 16    Filed 02/11/2008    Page 18 of

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KAREN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07 C 7022 |
| | ) | |
| COOK COUNTY, Illinois, and | ) | |
| and SYLVIA EDWARDS, Acting Chief | ) | Judge Shadur |
| Operating Officer of Oak Forest Hospital | ) | |
| Of Cook County, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Cook County, and Sylvia Edwards, Individually, by and through their

attorney, Richard A. Devine, State's Attorney of Cook County, and his Assistant State's

Attorney, Lisa M. Meador, and pursuant to Fed. R. Civ. P. 12(b)(6) move to dismiss Plaintiff's

Complaint.

Defendants attach their Memorandum of Law in Support of this Motion to Dismiss and

incorporate it into this motion.

Respectfully submitted,

Richard A. Devine
State's Attorney of Cook County

By:    /s/Lisa M. Meador
        Lisa M. Meador
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-4186
        ARDC No. 6270259

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07 C 7022 |
| | ) | |
| COOK COUNTY, Illinois, and | ) | |
| and SYLVIA EDWARDS, Acting Chief | ) | Judge Shadur |
| Operating Officer of Oak Forest Hospital | ) | |
| Of Cook County, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Cook County, and Sylvia Edwards, Individually, by and through their

attorney, Richard A. Devine, State's Attorney of Cook County, and his Assistant State's

Attorney, Lisa M. Meador, and pursuant to Fed. R. Civ. P. 12(b)(6) move to dismiss Plaintiff's

Complaint. In support thereof, Defendants state as follows:

### Introduction

Plaintiff, Karen Brown, brings this three count complaint regarding her employment with

Cook County, specifically at Oak Forest Hospital. Count I claims a cause of action for breach of

an Equal Employment Opportunity Commission Settlement Agreement ("EEOC Settlment

Agreement"). Count II claims violation of the Americans With Disabilities Act ("ADA").

Count III of Plaintiff's Complaint seeks an injunction and declaratory relief against Cook County

for violation of the EEOC Settlement Agreement.

Defendants seeks dismissal of Plaintiff's Complaint because Plaintiff has failed to state a

viable federal claim upon which relief can be granted by this Court. Plaintiff has failed to

exhaust her administrative remedies for a breach of EEOC Settlement Agreement claim, a claim

under the ADA, or for declaratory relief under the ADA. Further, there is no individual liability
available under the ADA in this matter.

## Standard of Review

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief
could be granted under any set of facts that could be proved consistent with the allegations."
Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spaulding, 467 U.S.
69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four
corners of the complaint. Gomez v. Illinois State Bd. of Ed., 811 F.2d 1030, 1039 (7th Cir.
1987). The court should take the well-pleaded factual allegations of the complaint and view
them, as well as reasonable inferences drawn from them, in the light most favorable to the
Plaintiff. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, a district court
should not strain to find inferences not plainly apparent from the face of the complaint. Hishon,
467 U.S. at 73. Furthermore, it should be noted that "litigants may plead themselves out of court
by alleging facts that may establish defendants' entitlement to prevail." Bennett v. Schmidt, 153
F.3d 516, 519 (7th Cir. 1998).

## Arguments

I.    **Plaintiff's Breach Of EEOC Settlement Agreement Claim Is Barred**

In Count I of Plaintiff's Complaint, she alleges that Defendants breached an EEOC
Settlement Agreement. Plaintiff's claim is barred for failure to exhaust her administrative
remedies.

Where a plaintiff claims breach of an EEOC settlement agreement, she must first exhaust
her administrative remedies before filing suit in federal court. Abner v. Law Offices of DeClues
and Burkett, et al., 156 Fed. Appx. 997; 2005 U.S. App. LEXIS 27894; Blank v. Donovan, 780

2

Case 1:07-cv-07022     Document 17-3     Filed 03/14/2008     Page 33 of 35
Case 1:07-cv-07022     Document 12-2     Filed 02/29/2008     Page 32 of 34
Case 1:07-cv-07022     Document 10-2     Filed 02/11/2008     Page 3 of 5

F.2d 808, 809 (9th Cir. 1986). A claim for breach of an EEOC settlement agreement requires that

the plaintiff fulfill certain administrative prerequisites prior to filing suit. Owens v. West, et al.,

182 F.Supp. 2d 180, 190 (Mass. Supp. 2001.) Specifically, 29 C.F.R. §1614.504(a) requires as

follows:

> Any settlement agreement knowingly and voluntarily agreed to by the parties,
> reached at any stage of the complaint process, shall be binding on both parties...
> If the complainant believes that the agency has failed to comply with the terms of
> a settlement agreement or decision, the complainant shall notify the EEOC
> Director, in writing, of the alleged noncompliance within 30 days of when the
> complainant knew or should have known of the alleged noncompliance. The
> complainant may request that the terms of the settlement agreement be
> specifically implemented or alternatively, that the complaint be reinstated for
> further processing from the point processing ceased.

Id. citing 29 C.F.R. § 1614.504(a).

In the case at bar, Plaintiff did not timely notify the EEOC of any claim of failure by

Defendants to comply with the EEOC Settlement Agreement. To the extent that Plaintiff seeks

to enforce the EEOC Settlement Agreement or claims breach of the EEOC Settlement

Agreement, she should have filed a claim with the EEOC. While untimely exhaustion of

administrative remedies is an affirmative defense, it is within the court's discretion to dismiss a

plaintiff's unexhausted discrimination claims where amendment would be futile. Abner, 156

Fed. Appx. at 997.

Therefore, Plaintiff's breach of EEOC Settlement Agreement claim must be dismissed for

failure to exhaust her administrative remedies. Further, any request for injunctive or declaratory

relief predicated upon this breach of EEOC Settlement Agreement claim must be dismissed for

the same reasons. Plaintiff's remedies are readily and adequately available through the

appropriate avenues established by law.

3

Case 1:07-cv-07022   Document 17-3   Filed 03/14/2008   Page 34 of 35
Case 1:07-cv-07022   Document 17-2   Filed 02/29/2008   Page 23 of 24
Case 1:07-cv-07022   Document 10-2   Filed 02/11/2008   Page 4 of 5

## II.   This Court Lacks Jurisdiction To Adjudicate Plaintiff's ADA Claim

Count II of Plaintiff's Complaint alleges violation of the Americans With Disabilities Act ("ADA") of 1990.  42 U.S.C.S. §12101, et seq.  This Court lacks jurisdiction to adjudicate Plaintiff's ADA claim for failure to exhaust her administrative remedies.

A plaintiff "who brings an employment discrimination claim under Title I of the Americans with Disabilities Act of 1990... must follow the administrative procedures set for the in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq." Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999.)  A plaintiff must exhaust her claims with the EEOC as a prerequisite to filing her action in federal court. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122, 122 S.Ct. 2061 (2002).  A "plaintiff's failure to exhaust her administrative remedies as to an ADA claim renders the district court without jurisdiction over such claims in a civil action in federal court." Polera v. Board of Education of Newburgh Enlarged City School Dist., 228 F.3d 478, 480 (2d Cir. 2002).

In the case at bar, Plaintiff has failed to file the prerequisite claim for violation of the ADA with the EEOC.  This Court lacks jurisdiction over any such claim and it must be dismissed.

## III.   Plaintiff Fails To State A Claim Against Sylvia Edwards, Individually

Plaintiff has named Sylvia Edwards, individually, as Defendant.  However, "individuals who do not independently meet the ADA's definition of "employer" cannot be held liable under the ADA." U.S. Equal Employment Opportunity Commission and Wessel v. AIC Security Investigations, Ltd., et al., 55 F.3d 1276, 1279  1995 U.S. App. LEXIS 12139 (7TH Cir. 1995).  As Sylvia Edwards is simply an agent of the employer, Cook County, she does not fall within the

Case 1:07-cv-07022    Document 17-3    Filed 03/14/2008    Page 35 of 35
Case 1:07-cv-07022    Document 12-2    Filed 03/29/2008    Page 34 of 24
Case 1:07-cv-07022    Document 10-2    Filed 02/11/2008    Page 5 of 5

definitions of "employer" for purposes of employer personal liability under the ADA. See, Id. at

1279-1282. Accordingly, Sylvia Edwards, individually, should be dismissed.

## Conclusion

WHEREFORE, for all of the forgoing reasons, Defendants, Cook County, and Sylvia

Edwards, individually, respectfully seek dismissal from this litigation, with prejudice, as outlined

above.


Respectfully submitted,

Richard A. Devine
State's Attorney of Cook County


By:    /s/Lisa M. Meador
       Lisa M. Meador
       Assistant State's Attorney
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       (312) 603-4186
       ARDC No. 6270259