**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN BROWN | ) | |
| | ) | Case No. 07 C 7022 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| COOK COUNTY, Illinois | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | **Jury Demand** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution, and the Americans with Disabilities Act ("ADA") of 1990.  This court has jurisdiction under and by virtue of 28 U.S.C §§ 1343 and 1331.

2.      Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3.      Plaintiff, Karen Brown, has fully complied with the procedural requirements of the ADA.  She filed a charge for discrimination with the EEOC, received a Notice of Right to Sue, and brought this lawsuit within the applicable time period.

### PARTIES

4.      At all times herein mentioned, Plaintiff KAREN BROWN has been employed by Defendants at Oak Forest Hospital of Cook County, and resides in Cook County, Illinois.

5.      At all times herein mentioned, Defendant COOK COUNTY, is now, and was at all times herein mentioned, a political subdivision of the State of Illinois existing as such under

the laws of the State of Illinois and the United States.  On information and belief, Cook County

owns, manages, supervises and/or otherwise maintains Oak Forest Hospital of Cook County.

## FACTUAL ALLEGATIONS

6.    On or about March 26, 1979, Plaintiff became employed with Defendant.

7.    Plaintiff suffers from a disability that substantially limits her in major life

activities.

8.    Defendant had notice of Plaintiff's disability in or before April 2002, when

Plaintiff was put on medical restrictions in the workplace.

9.    In or about September 2002, Defendant advised Plaintiff that Defendant would

not accommodate Plaintiff's medical restrictions.  Consequently, Plaintiff filed an EEOC charge

against Defendant.

10.    In or about November 2002, the parties executed an EEOC Settlement Agreement

(attached as Exhibit A).  The agreement provided, *inter alia,* that Defendants would reinstate

Plaintiff and accommodate her by assigning her to work as a Respiratory Therapist in the

Ventilating Unit.  In consideration, Plaintiff agreed not to institute a lawsuit with respect to the

charge arising on or about September 2002.

11.    On or about September 23, 2003, Defendant again refused to accommodate

Plaintiff's medical restrictions, despite the ability to do so.

12.    On or about September 23, 2003, Defendant forced Plaintiff onto medical

disability status for an indefinite period of time, due to Plaintiff's disability.  However, Plaintiff

remained qualified to work at the same reasonable accommodation that she had been receiving.

13.    On or about December 2003, Plaintiff successfully brought an action, (*Brown v.*

*Cook County and Johnny C. Brown*, Case No. 03 C 9270), against Defendant to reinstate her in a

Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift as was previously assigned.

14.    On November 13, 2007, Defendant informed Plaintiff that they would again no longer be following the EEOC Settlement Agreement.  In pursuit of this, Defendant has taken steps which are in violation of Plaintiff's agreement and Defendant is in violation of the ADA.

15.    On December 12, 2007, Defendant again forced Plaintiff onto medical disability status for an indefinite period of time, due to Plaintiff's disability (and/or perceived disability) and in retaliation against Plaintiff bringing EEOC charges in 2002 and 2003.  However, Plaintiff remained qualified to work at the same reasonable accommodation that she had been receiving.

16.    On March 17, 2008, Plaintiff received a Notice of Right to Sue.  (Exhibit B) Therefore, this Complaint is timely filed.

17.    As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest as permitted by law.

18.    As a result of the aforesaid acts of the Defendant, Plaintiff has become mentally upset, distressed and aggravated.  Plaintiff has suffered mental anguish and suffering all to the Plaintiff's damage in a sum to be ascertained according to proof at the time of trial.

19.    The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive and in callous disregard to and indifference to the Plaintiff.  Thus Plaintiff requests the assessment of punitive damages against the Defendant in a sum as determined according to law and the proof.

20.    Plaintiff has attempted to mitigate her damages.

## COUNT I

### Breach of the EEOC Settlement Agreement

21.     Plaintiff re-alleges and incorporates paragraphs one (1) through twenty (20) as though fully set forth at this place.

22.     Plaintiff has performed all conditions, covenants, and promises required by her to be performed in accordance with the terms and conditions of the EEOC Settlement Agreement.

23.     By refusing to continue accommodating Plaintiff by forcing her to take steps inconsistent with her settlement agreement, Defendants breached the EEOC Settlement Agreement, and as a result, Defendant is in violation of the ADA.

## COUNT II

### ADA Violation

24.     Plaintiff re-alleges and incorporates paragraphs one (1) through twenty (20) as though fully set forth at this place.

25.     Defendants' refusal to accommodate Plaintiff's disability by forcing her to work outside of the Ventilating Unit, J-12, constitutes discrimination in violation of the ADA in that the Plaintiff has a known disability, she is qualified for her position with a reasonable accommodation for her position, and there is no non-discriminatory cause to force Plaintiff to work outside of the Ventilating Unit, J-12.

26.     As a result, the Defendant is in violation of the ADA.

## COUNT III

### Retaliation in Violation of the ADA

27.     Plaintiff re-alleges and incorporates paragraphs one (1) through twenty (20) as though fully set forth at this place.

28.    Plaintiff met her employer's legitimate employment expectations.

29.    Plaintiff engaged in protected activities in 2002 and 2003 when she filed EEOC complaints as alleged in paragraphs nine and thirteen above.  Defendant was aware of this protected activity.

30.    Plaintiff was put on indefinite medical leave in retaliation for bringing EEOC charges in 2002 and 2003.

31.    Similarly situated employees who did not engage in protected activity were not put on indefinite medical leave.

32.    Defendant's actions as described above are in violation of the ADA in that they were in retaliation for Plaintiff filing EEOC charges in opposition to Defendant's discrimination against her based on her disability.

33.    As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has manifested in emotional distress, and has further negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT IV

### Declarative and Injunctive Relief

34.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) as though fully set forth at this place.

35.    By reason of Defendant's actions, Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending actual damage as set forth above.

36.    Plaintiff has no adequate or speedy remedy at law for the above-mentioned conduct of Defendant, and this action is the only means available to Plaintiff to ensure Plaintiff equal treatment of employees similarly situated to Plaintiff.

37.    Further, there exists a real controversy between Plaintiff and Defendant, and each of them, over Plaintiff's rights and Defendant's ongoing obligations under the EEOC Settlement Agreement.

38.    It is thus, necessary for this court to declare that:

(a)    Defendant has breached the EEOC Settlement Agreement of November 2002 and are in violation of the ADA;

(b)    Defendant must assign Plaintiff to a Respiratory Therapist position in the Ventilating Unit, J-12, only, working the same shift that was previously assigned.

(c)    Defendant shall not take steps, including imposing medical exams on Plaintiff, which are intended to interfere or disrupt Plaintiff's reasonable accommodation.

## Prayer for Relief

WHEREFORE, Plaintiff, Karen Brown, hereby requests judgment against the Defendant as follows:

1.    For this Court's order that Plaintiff be:

(a)    Assigned to a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift that was previously assigned, and that

(b)    Defendant shall not take steps, including imposing medical exams on Plaintiff, which are intended to interfere or disrupt Plaintiff's reasonable accommodation.

2.    For general damages in an amount yet to be ascertained;

3.    For special damages in an amount to be ascertained;

4.    For punitive and exemplary damages in a sum to be ascertained;

5.    For reasonable attorneys fees according to the appropriate statutory and common law in an amount to be ascertained;

6.    For costs of suit; and

7.    For such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: April 2, 2008              By:    /s/ Leslie C. McCoy
                                         Leslie C. McCoy

ED FOX & ASSOCIATES
300 West Adams Street
Suite 330
Chicago, IL. 60606
(312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**


DATED:   April 2, 2008                    */s/*Leslie C. McCoy          
                                               Leslie C. McCoy


ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN BROWN | ) | |
| | ) | Case No. 07 C 7022 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| COOK COUNTY, Illinois and | ) | Magistrate Judge Cole |
| SYLVIA EDWARDS, Acting Chief | ) | |
| Operating Officer of Oak Forest Hospital | ) | |
| Of Cook County, Individually, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

To:    Lisa Marie Meador
        Cook County State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602

        **PLEASE TAKE NOTICE** that on April 2, 2008, the undersigned filed with the Clerk of this Court, **PLAINTIFF'S FIRST AMENDED COMPLAINT**, service of which is being made upon you.

                                              s/Leslie C. McCoy
                                              Leslie C. McCoy
                                              ED FOX & ASSOCIATES
                                              300 West Adams, Suite 330
                                              Chicago, IL 60606
                                              (312) 345-8877

**PROOF OF SERVICE**

        I, Leslie C. McCoy, an attorney, under penalty of perjury, and state that on April 2, 2008, service is being made in accordance with the General Order on Electronic Case Filing section XI.

                                              s/Leslie C. McCoy
                                              Leslie C. McCoy
                                              ED FOX & ASSOCIATES
                                              300 West Adams, Suite 330
                                              Chicago, IL 60606
                                              (312) 345-8877