IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN BROWN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 7022 |
| v. | ) | |
| | ) | |
| COOK COUNTY, Illinois | ) | Judge Shadur |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution, and the Americans with Disabilities Act ("ADA") of 1990. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1343 and 1331.

**ANSWER**: Defendant admits the allegations in paragraph 1.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

**ANSWER**: Defendant admits the allegations in paragraph 2.

3. Plaintiff, Karen Brown, has fully complied with the procedural requirements of the ADA. She filed a charge for discrimination with the EEOC, received a Notice of Right to Sue, and brought this lawsuit within the applicable time period.

**ANSWER**: Defendant admits the allegations in paragraph 3.

### PARTIES

4. At all times herein mentioned, Plaintiff KAREN BROWN has been employed by Defendants at Oak Forest Hospital of Cook County, and resides in Cook County, Illinois.

**ANSWER**: Defendant admits that Plaintiff, Karen Brown, is employed at Oak Forest

Hospital of Cook County. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5. At all times herein mentioned, Defendant COOK COUNTY, is now, and was at all times herein mentioned, a political subdivision of the State of Illinois existing as such under the laws of the State of Illinois and the United States. On information and belief, Cook County owns, manages, supervises and/or otherwise maintains Oak Forest Hospital of Cook County.

**ANSWER:** Defendant admits the allegations in paragraph 5 and further states that Cook County is a body politic and corporate under Illinois law.

## FACTUAL ALLEGATIONS

6. On or about March 26, 1979, Plaintiff became employed with Defendant.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6.

7. Plaintiff suffers from a disability that substantially limits her in major life activities.

**ANSWER:** Defendant denies the allegations in paragraph 7.

8. Defendant had notice of Plaintiffs disability in or before April 2002, when Plaintiff was put on medical restrictions in the workplace.

**ANSWER:** Defendant denies the allegations in paragraph 8.

9. In or about September 2002, Defendant advised Plaintiff that Defendant would not accommodate Plaintiffs medical restrictions. Consequently, Plaintiff filed an EEOC charge against Defendant.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9.

10. In or about November 2002, the parties executed an EEOC Settlement Agreement (attached as Exhibit A). The agreement provided, inter alia, that Defendants would reinstate

2

Plaintiff and accommodate her by assigning her to work as a Respiratory Therapist in the Ventilating Unit. In consideration, Plaintiff agreed not to institute a lawsuit with respect to the charge arising on or about September 2002.

**ANSWER:** Defendant admits that Exhibit A attached to Plaintiff's First Amended Complaint is a true and correct copy of an EEOC Settlement Agreement executed between Plaintiff, Defendant, and the EEOC in November-December 2002. Defendant admits that under the agreement, Defendant agreed, inter alia, to reinstate Plaintiff and assign her to a Respiratory Therapist position in the Ventilating Unit, J-12. Defendant admits that under the agreement Plaintiff agreed not to institute a lawsuit with respect to the charge filed by Plaintiff with the EEOC, Charge no. 210A300425. Defendant denies the remaining allegations in paragraph 10.

11. On or about September 23, 2003, Defendant again refused to accommodate Plaintiffs medical restrictions, despite the ability to do so.

**ANSWER:** Defendant denies the allegations in paragraph 11.

12. On or about September 23, 2003, Defendant forced Plaintiff onto medical disability status for an indefinite period of time, due to Plaintiffs disability. However, Plaintiff remained qualified to work at the same reasonable accommodation that she had been receiving.

**ANSWER:** Defendant denies the allegations in paragraph 12.

14. On or about December 2003, Plaintiff successfully brought an action, (Brown v. Cook County and Johnny C. Brown, Case No. 03 C 9270), against Defendant to reinstate her in a Respiratory Therapist position in the Ventilating Unit, J-12, working the same shift as was previously assigned.

**ANSWER:** Defendant admits that in December 2003, Plaintiff filed an action (Brown v. Cook County, Court No. 03 C 9270) relating to her employment as a Respiratory Therapist in the Ventilating Unit, J-12. Defendant denies the remaining allegations in paragraph 14.

15. On November 13, 2007, Defendant informed Plaintiff that they would

again no longer be following the EEOC Settlement Agreement.  In pursuit of this, Defendant has taken steps which are in violation of Plaintiff s agreement and Defendant is in violation of the ADA.

**ANSWER:**    Defendant denies the allegations in paragraph 15.

16.    On December 12, 2007, Defendant again forced Plaintiff onto medical disability status for an indefinite period of time, due to Plaintiffs disability (and/or perceived disability) and in retaliation against Plaintiff bringing EEOC charges in 2002 and 2003. However, Plaintiff remained qualified to work at the same reasonable accommodation that she had been receiving.

**ANSWER:**    Defendant denies the allegations in paragraph 16.

17.    On March 17, 2008, Plaintiff received a Notice of Right to Sue. (Exhibit B)  Therefore, this Complaint is timely filed.

**ANSWER:**    Defendant admits the allegations in paragraph 17.

18.    As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest as permitted by law.

**ANSWER:**    Defendant denies the allegations in paragraph 18.

19.    As a result of the aforesaid acts of the Defendant, Plaintiff has become mentally upset, distressed and aggravated. Plaintiff has suffered mental anguish and suffering all to the Plaintiffs damage in a sum to be ascertained according to proof at the time of trial.

**ANSWER:**    Defendant denies the allegations in paragraph 19.

20.    The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive and in callous disregard to and indifference to the Plaintiff. Thus Plaintiff requests the assessment of punitive damages against the Defendant in a sum as

determined according to law and the proof.

**ANSWER:**   Defendant denies the allegations in paragraph 20.

21.   Plaintiff has attempted to mitigate her damages.

**ANSWER:**   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21.

## COUNT I
## Breach of the EEOC Settlement Agreement

21.   Plaintiff re-alleges and incorporates paragraphs one (1) through twenty (20) as though fully set forth at this place.

**ANSWER:**   Defendant restates and incorporates its answers to paragraphs 1 through 20 as its answer to paragraph 21 of Count I.

22.   Plaintiff has performed all conditions, covenants, and promises required by her to be performed in accordance with the terms and conditions of the EEOC Settlement Agreement.

**ANSWER:**   Defendant denies the allegations in paragraph 22.

23.   By refusing to continue accommodating Plaintiff by forcing her to take steps inconsistent with her settlement agreement, Defendants breached the EEOC Settlement Agreement, and as a result, Defendant is in violation of the ADA.

**ANSWER:**   Defendant denies the allegations in paragraph 23.

WHEREFORE, Defendant, Cook County, respectfully requests this Court enter judgment in its favor and against plaintiff, Karen Brown, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

## COUNT II
## ADA Violation

24.   Plaintiff re-alleges and incorporates paragraphs one (1) through twenty (20) as though fully set forth at this place.

**ANSWER:** Defendant restates and incorporates its answers to paragraphs 1 through 20 as its answer to paragraph 24 of Count II.

25. Defendants' refusal to accommodate Plaintiffs disability by forcing her to work outside of the Ventilating Unit, J-12, constitutes discrimination in violation of the ADA in that the Plaintiff has a known disability, she is qualified for her position with a reasonable accommodation for her position, and there is no non-discriminatory cause to force Plaintiff to work outside of the Ventilating Unit, J-12.

**ANSWER:** Defendant denies the allegations in paragraph 25.

26. As a result, the Defendant is in violation of the ADA.

**ANSWER:** Defendant denies the allegations in paragraph 26.

WHEREFORE, Defendant, Cook County, respectfully requests this Court enter judgment in its favor and against plaintiff, Karen Brown, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

## COUNT III
### Retaliation in Violation of the ADA

27. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty (20) as though fully set forth at this place.

**ANSWER:** Defendant restates and incorporates its answers to paragraphs 1 through 20 as its answer to paragraph 27 of Count III.

28. Plaintiff met her employer's legitimate employment expectations.

**ANSWER:** Defendant denies the allegations in paragraph 28.

29. Plaintiff engaged in protected activities in 2002 and 2003 when she filed EEOC complaints as alleged in paragraphs nine and thirteen above. Defendant was aware of this protected activity.

**ANSWER:** Defendant denies the allegations in paragraph 29.

30. Plaintiff was put on indefinite medical leave in retaliation for bringing EEOC

charges in 2002 and 2003.

**ANSWER:**   Defendant denies the allegations in paragraph 30.

31.   Similarly situated employees who did not engage in protected activity were not put on indefinite medical leave.

**ANSWER:**   Defendant denies the allegations in paragraph 31.

32.   Defendant's actions as described above are in violation of the ADA in that they were in retaliation for Plaintiff filing EEOC charges in opposition to Defendant's discrimination against her based on her disability.

**ANSWER:**   Defendant denies the allegations in paragraph 32.

33.   As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has manifested in emotional distress, and has further negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**ANSWER:**   Defendant denies the allegations in paragraph 33.

WHEREFORE, Defendant, Cook County, respectfully requests this Court enter judgment in its favor and against plaintiff, Karen Brown, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

## COUNT IV
### Declarative and Injunctive Relief

34.   Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) as though fully set forth at this place.

**ANSWER:**   Defendant restates and incorporates its answers to paragraphs 1 through 33 as its answer to paragraph 34 of Count IV.

35.   By reason of Defendant's actions, Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending actual damage as set forth above.

**ANSWER:**   Defendant denies the allegations in paragraph 35.

36.   Plaintiff has no adequate or speedy remedy at law for the above-mentioned conduct of Defendant, and this action is the only means available to Plaintiff to ensure Plaintiff equal treatment of employees similarly situated to Plaintiff.

**ANSWER:**   Defendant denies the allegations in paragraph 36.

37.   Further, there exists a real controversy between Plaintiff and Defendant, and each of them, over Plaintiffs rights and Defendant's ongoing obligations under the EEOC Settlement Agreement.

**ANSWER:**   Defendant denies the allegations in paragraph 37.

38.   It is thus, necessary for this court to declare that:

(a)   Defendant has breached the EEOC Settlement Agreement of November 2002 and are in violation of the ADA;

(b)   Defendant must assign Plaintiff to a Respiratory Therapist position in the Ventilating Unit, J-12, only, working the same shift that was previously assigned.

(c)   Defendant shall not take steps, including imposing medical exams on Plaintiff, which are intended to interfere or disrupt Plaintiffs reasonable accommodation.

**ANSWER:**   Defendant denies the allegations in paragraph 38.

WHEREFORE, Defendant, Cook County, respectfully requests this Court enter judgment in its favor and against plaintiff, Karen Brown, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

### AFFIRMATIVE DEFENSES

1.   Defendants' conduct was reasonable and not contrary to any established law.

2.   Plaintiff has failed to exhaust her administrative remedies.

3.   Cook County, a governmental entity, is entitled to statutory limitations on damages awards.

4.	Plaintiff has failed to act reasonably to mitigate her damages.

5.	Cook County is a local public entity. Accordingly, Cook County, the Recorder's Office, and Moore in his official capacity are all immune from punitive damages awards. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

6.	Plaintiff has failed to seek appropriate remedy from the EEOC for an alleged breach of an EEOC Settlement Agreement.

WHEREFORE, Defendant, Cook County, respectfully requests this Court enter judgment in its favor and against plaintiff, Karen Brown, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

## JURY DEMAND

Defendants demand a trial by jury.

        Respectfully submitted,

        RICHARD A. DEVINE
        State's Attorney of Cook County

By:   /s/ Lisa M. Meador
      Lisa M. Meador
      Assistant State's Attorney
      500 Richard J. Daley Center
      Chicago, Illinois 60602
      (312) 603-4186
      ARDC No. 6270259